FILED 1st JUDICIAL DISTRICT COURT
Santa Fe County
6/18/2021 4:18 PM
KATHLEEN VIGIL CLERK OF THE COURT
Marquel Gonzales-Aragon

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

LAWRENCE LAMB,

      Plaintiff,

v.

JOSE CORDERO, CHRIS MARQUEZ, and the NEW MEXICO CORRECTIONS DEPARTMENT,

      Defendants.

Case assigned to Wilson, Matthew Justin

Case No.   D-101-CV-2021-01382

## CIVIL COMPLAINT FOR STATE TORT CLAIMS

Plaintiff Lawrence Lamb, through his attorneys of record, the New Mexico Prison & Jail Project (Steven Robert Allen) and Baker Law Office, LLC (Adam S. Baker), hereby brings this complaint for tort claims against the defendants pursuant to the New Mexico Tort Claims Act, NMSA 1978, § 41-4-1 *et seq.* In support of this complaint, Plaintiff alleges as follows:

### I.    JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to NMSA 1978, § 41-4-18(A) (1976).

2. Venue is proper in this district pursuant to § 41-4-18(B).

### II.    PARTIES

3. Plaintiff Lawrence Lamb ("Plaintiff") is a 61-year-old man who was an inmate in the custody and care of Defendant New Mexico Corrections

Department ("Defendant NMCD") on the dates identified in this complaint. Plaintiff exhausted remedies available to him through Defendant NMCD's internal grievance procedure prior to filing this complaint.

4. Defendant Jose Cordero was employed as a correctional officer by Defendant NMCD on the relevant date identified in this complaint.

5. Defendant Chris Marquez was employed as a correctional officer by Defendant NMCD on the relevant date identified in this complaint.

6. At all times material to this complaint, Defendants Cordero and Marquez were public employees acting within the scope of their duties as correctional officers.

## III.    FACTS

7. On June 21, 2019, Defendants Cordero and Marquez loaded Plaintiff and seven (7) other inmates into a transport van at the Central New Mexico Correctional Facility ("CNMCF") in Los Lunas, New Mexico.

8. The transport van was scheduled to take Plaintiff and the other inmates approximately 300 miles to the Northeast New Mexico Correctional Facility ("NENMCF") in Clayton, New Mexico.

9. The transport van was not scheduled to make any stops between CNMCF and NENMCF.

10. Defendant Marquez was driving the transport van when it left CNMCF that day, and Defendant Cordero served as his escort.

11. Plaintiff and the other inmates were handcuffed and shackled aboard the transport van such that their movement inside the van was greatly restricted.

12. Plaintiff was seated in the transport van beside another inmate on a seat above the rear passenger-side tire.

13. Defendant Marquez drove the van at an excessive rate of speed, as fast as 90 miles per hour, on its way to NENMCF.

14. As the van was travelling northbound on I-25 near Rowe, New Mexico, the rear passenger-side tire blew out ripping a hole directly beneath Plaintiff in the van's plywood floor and spraying large quantities of debris into the passenger compartment.

15. Plaintiff was struck in the leg by a metal object that flew out from the ruptured floor.

16. Other inmates were struck by wooden particles that showered the back of the transport van, and the hole in the floor began to grow bigger.

17. The sound of the transport van's blown-out tire along with the debris flying around the passenger compartment made a noise so loud that Plaintiff initially thought somebody was shooting a firearm at the van.

18. The inmates yelled to Defendants Cordero and Marquez to stop the van and banged on the metal cage that separated the inmates from the correctional officers.

19. Defendants Cordero and Marquez ignored the inmates' pleas, and Defendant Marquez kept driving.

20. The pavement of the road below became visible to some of the inmates through the floor and the van lurched due to the blown-out tire.

21. Defendant Marquez was finally forced to pull the van over to the side of the road as a result of the blowout.

22. Once the van came to rest, Plaintiff and a couple other inmates alerted Defendants Cordero and Marquez that they had been injured by the debris coming up from the floor of the transport van.

23. Defendants Cordero and Marquez responded sarcastically to the inmates and otherwise ignored their complaints.

24. Defendant Marquez or Defendant Cordero turned off the van, which quickly became hot inside.  Only after the inmates complained about the heat did Defendant Marquez or Defendant Cordero re-start the van and turn on the air conditioning.

25. Approximately 40 minutes later, New Mexico State Police officers arrived at the scene.

26. More than one (1) hour after the transport van pulled over to the side of the highway, a team of correctional officers from the Penitentiary of New Mexico in Santa Fe, New Mexico, ("PNM"), arrived to provide additional security.

4

27. More than two (2) hours after the transport van pulled over to the side of the highway, CNMCF Garage Specialist Philip Romero arrived in NMCD van #4750 with a spare tire for the transport van.

28. Defendant Marquez and Defendant Cordero left all the inmates aboard the original transport van for more than two (2) hours as they waited on the side of the highway, which was warm inside even with the air conditioning running.

29. Mr. Romero asked Defendant Marquez if he was speeding and suggested that speeding may have caused the tire to blowout.

30. Defendants Cordero and Marquez decided to transport the inmates back to CNMCF using van #4750 even though Mr. Romero told them that the air conditioning on van #4750 did not work.

31. The interior of the back of van #4750 consisted of a metal box/insert lined with narrow metal benches for the inmates to sit on.

32. Initially, there were no open windows or other means of ventilation in the back of van #4750.

33. Once they were loaded into van #4750, Plaintiff and the other inmates quickly became overheated and began to protest as they sat on the side of the highway.

34. During this entire time on the side of the highway, neither Plaintiff nor any of the other inmates were provided with anything to drink.

35. After leaving for the return to CNMCF in van #4750, the inmates immediately became even more unbearably hot and they began to beg Defendants Cordero and Marquez for help.

36. Plaintiff could see that the air conditioning ducts that attach to the vents in the inmate section of the van were clearly detached.

37. Defendants Cordero and Marquez refused to stop, and otherwise ignored the inmates' pleas for help.

38. Minutes into the ride, the interior walls of the metal box/insert began to drip with condensation from the inmates' sweat.

39. Plaintiff felt hotter than he had ever been in his life, and he quickly became so dehydrated that he stopped sweating.

40. Several of the inmates looked like they were about to collapse and some, including Plaintiff, began to have trouble breathing.

41. Plaintiff became terrified that he might die.

42. As the inmates' pleas for help grew more desperate, Defendants Cordero and Marquez continued to ignore them.

43. After traveling for about 45 minutes in van #4750, they made a stop at PNM.

44. When they got to PNM, the inmates were weak, drenched in sweat and dehydrated.

45. Plaintiff and the other inmates were seen by medical personnel at PNM and then placed in holding cells.

46. After a short time in the holding cells, the inmates were loaded back into van #4750 to complete the return trip to CNMCF.

47. Plaintiff and the other inmates were terrified to be placed back into van #4750 given the unbearable and obviously dangerous conditions to which they had been subjected on the ride back to PNM.

48. To ensure the inmates got back into the same van, Defendants Cordero and Marquez assured the inmates they had repaired the air conditioning in the van.

49. In fact, the air conditioning had been improperly repaired by using tape in an attempt to reattach the air conditioning ducts to the vents in the inmate section of the van.

50. Defendants Cordero and Marquez stopped the van once more before leaving the grounds of PNM in order to try reattaching the ducts again, but the air conditioning only blew hot air on the inmates.

51. Despite their knowledge that the air conditioning on van #4750 was not working at all and that the inmates may suffer serious injury or death by riding in the hot van all the way back to CNMCF, Defendants Cordero and Marquez ignored this threat to the inmates' health and safety and departed for CNMCF in transport van #4750.

52. Plaintiff and the other inmates continued to plead for help.

53. They banged loudly on the walls of the van to let Defendants Cordero and Marquez know the conditions were intolerable and dangerous.

7

54. Defendants Cordero and Marquez again ignored all of the inmates' pleas.

55. Again, the interior walls of the metal box/insert began to drip with condensation from the inmates' sweat and the inmates' paper jumpsuits became virtually transparent and stuck to their bodies from sweat.

56. For a second time that day, Plaintiff thought he might die from the extreme heat and several inmates looked like they were about to collapse.

57. One of the inmates threw up in the van, and another became apparently unconscious and fell to the floor of the van.

58. The inmates were also jostled and thrown about the back of the van due to Defendant Marquez's erratic and excessively fast driving.

59. Defendants Cordero and Marquez continued the trip to CNMCF without stopping to check on Plaintiff and the other inmates.

60. When they finally arrived at CNMCF, Plaintiff received a medical assessment during which it was determined that he was severely dehydrated and in need of medical treatment.

61. Plaintiff was placed in a medical holding cell at CNMCF that had no sink, where for three (3) days he had no access to drinking water other than what he was provided with regular meals.

62. During this time, he continued to suffer from very bad headaches and other physical symptoms from the ordeal.

63. Plaintiff was then placed into a segregation cell until he was transported to Lea County Correctional Facility in Hobbs, New Mexico, on or about June 28, 2019.

## IV: CLAIM FOR NEGLIGENT OPERATION OR MAINTENANCE OF A MOTOR VEHICLE AGAINST ALL DEFENDANTS

64. Plaintiff restates each of the allegations set forth in paragraphs 1 through 63, above, as though fully stated herein.

65. Defendants owed Plaintiff a duty to protect his health and safety in their operation and maintenance of the motor vehicles used to transport inmates such as Plaintiff.

66. Defendants breached this duty as set forth above, *inter alia*, by driving at an excessive rate of speed, failing to properly maintain the transport vans in which Plaintiff was transported, and failing to take reasonable steps in the operation of the transport vans to protect Plaintiff's health and safety on the date at issue.

67. As a direct and proximate result of Defendants' negligent conduct as alleged herein, Plaintiff suffered physical and psychological injuries, pain and emotional distress for which he is entitled to an award of damages.

68. The negligent conduct alleged herein constitutes negligent operation or maintenance of a motor vehicle for which governmental immunity is waived pursuant to NMSA 1978, § 41-4-5 (1976).

69. Defendant NMCD is vicariously liable under the doctrine of *respondeat superior* for any and all such negligence of its employees, including but not

limited to Defendants Cordero and Marquez, committed within the course and scope of their duties as public employees.

WHEREFORE, Plaintiff requests compensatory damages against all Defendants, together with an award of attorney's fees and costs as allowed by law.

## **JURY DEMAND**

70. Plaintiff hereby demands a trial by jury on all counts so triable.

Respectfully submitted,

ATTORNEYS FOR PLAINTIFF:

/s/Steven Robert Allen
STEVEN ROBERT ALLEN
NEW MEXICO PRISON & JAIL PROJECT
3800 Osuna Road NE, Ste 2
Albuquerque, NM 87109
(505) 515-0939

/s/Adam S. Baker
ADAM S. BAKER
BAKER LAW OFFICE, LLC
P.O. Box 784
Santa Fe, NM 87504
(505) 690-7466

State of New Mexico, County of SANTA FE

I certify that this is a true and correct copy of a record, filed on the 16 day of JUN 671 in the possession of the Office of the Clerk of the First Judicial District Court. Dated this 15 day of JUN 2022.

Signature of Deputy Court Clerk
First Judicial District

STATE OF NEW MEXICO
NOTARIAL OFFICER
Marquel Gonzales-Aragon
First Judicial District

10

## SUMMONS

| | |
|---|---|
| District Court: First Judicial District Court Santa Fe County, New Mexico | Case Number: D-101-CV-2021-01382 |
| Court Address: 225 Montezuma Ave., Santa Fe, NM 87501 | Judge: Wilson, Matthew Justin |
| Court Telephone Number.: (505) 455-8250 | |
| Plaintiff(s): Lawrence Lamb | Defendant: |
| v. | Name: New Mexico Department of Corrections |
| Defendant(s): Jose Cordero, Chris Marquez and the New Mexico Department of Corrections | Address: 4337 NM 14, Santa Fe, NM 87508 |

### TO THE ABOVE-NAMED DEFENDANT(S): Take notice that

1. A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.
2. You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.
3. You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.
4. If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.
5. You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.
6. If you need an interpreter, you must ask for one in writing.
7. You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6227; or 1-505-797-6066.

Attorneys for Plaintiff:

| | |
|---|---|
| Name:  Steven Robert Allen, NM Prison & Jail Project | Name:  Adam S. Baker, Baker Law Office, LLC |
| Address: 3800 Osuna Road NE, Ste 2 | Address: P.O. Box 784 |
|          Albuquerque, NM 87109 |          Santa Fe, NM 87504 |
| Tel. No.: (505) 515-0939 | Tel. No.: (505) 690-7466 |
| Fax NO.: (505) 596-0205 | Fax: No.: (505) 227-8635 |
| Email:    steve@nmpjp.org | Email:   abaker@bakerlawoffice.net |

Dated at _____ Santa Fe _____, New Mexico, this _21 day of _____ June _____, 2021.

Kathleen Vigil
CLERK OF COURT

By: Deputy

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 NMRA OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR THE DISTRICT COURTS.

**RETURN**

STATE OF NEW MEXICO                                )

                                                   )ss.

COUNTY OF ........BERNALILLO........              )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in __Santa Fe__ county on the 14th day of __July__ , __2021__ , by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

*(check one box and fill in appropriate blanks)*

[   ] to the defendant _____ *(used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint)*

[ x ] to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA *(used when service is by mail or commercial courier service).*

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[   ] to _____ , a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____ , *(used when the defendant is not presently at place of abode)* and by mailing by first class mail to the defendant at _____ *(insert defendant's last known mailing address)* a copy of the summons and complaint.

[   ] to _____ , the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ *(insert defendant's business address)* and by mailing the summons and complaint by first class mail to the defendant at _____ *(insert defendant's last known mailing address).*

[   ] to _____ , an agent authorized to receive service of process for defendant _____ .

[   ] to _____ , [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ *(used when defendant is a minor or an incompetent person).*

[   ] to _____ *(name of person),* _____ , *(title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision).*

Fees:

_____
Signature of person making service

_____
Title *(if any)*

Subscribed and sworn to before me this 22 day of July , 2021 .

_____
Judge, notary or other officer
authorized to administer oaths

Notary Public
_____
Official title

Official Seal
SOFIE HECHT
Notary Public
State of New Mexico
My Commission Expires 2|11|24

My commission expires February 11, 2024.

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _____ ☐ Agent ☐ Addressee<br>B. Received by (Printed Name)    C. Date of Delivery |
| 1. Article Addressed to:<br><br>New Mexico Corrections Dept.<br>P.O. Box 27116<br>Santa Fe, NM 87502-0116 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>JUL 14 2021 |

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

9590 9402 6540 1028 3026 05

| 3. Service Type | |
|---|---|
| ☐ Adult Signature | ☐ Priority Mail Express® |
| ☐ Adult Signature Restricted Delivery | ☐ Registered Mail™ |
| ☒ Certified Mail® | ☐ Registered Mail Restricted Delivery |
| ☐ Certified Mail Restricted Delivery | ☐ Signature Confirmation™ |
| ☐ Collect on Delivery | ☐ Signature Confirmation Restricted Delivery |
| ☐ Collect on Delivery Restricted Delivery | |
| ☐ Insured Mail | |
| ☐ Insured Mail Restricted Delivery (over $500) | |

2. Article Number (Transfer from service label)

7020 1810 0002 2788 4710

PS Form 3811, July 2020 PSN 7530-02-000-9053     Domestic Return Receipt



USPS TRACKING #

ALBUQUERQUE NM 870

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

9590 9402 6540 1028 3026 05

United States
Postal Service

• Sender: Please print your name, address, and ZIP+4® in this box®

NMPJP
3800 Osuna Rd. NE
Suite 2
Albuquerque, NM 87109

9-440102

FILED 1st JUDICIAL DISTRICT COURT
Santa Fe County
8/16/2021 5:09 PM
KATHLEEN VIGIL CLERK OF THE COURT
Faith Griego

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

LAWRENCE LAMB

      Plaintiff,

      v.                                        No. D-101-CV-2021-01382

JOSE CORDERO, CHRIS MARQUEZ,
and the NEW MEXICO CORRECTIONS
DEPARTMENT

      Defendants.

## ENTRY OF APPEARANCE

      COMES NOW Debra J. Moulton, Kennedy, Moulton & Wells, P.C., and hereby enters

her appearance on behalf of Defendant New Mexico Corrections Department.

                   Respectfully submitted,

                   KENNEDY, MOULTON & WELLS, P.C.

                   */s/ Debra J. Moulton*
                   DEBRA J. MOULTON
                   Attorneys for Defendant New Mexico
                   Corrections Department
                   2201 San Pedro NE, Bldg. 3, Suite 200
                   Albuquerque, New Mexico 87110
                   (505) 884-7887

State of New Mexico, County of Santa Fe

I certify that this is a true and correct copy of a record,
filed on the 16 day of AUGUST 2021, in the
possession of the Office of the Clerk of the First Judicial
District Court. Dated this 15 day of JULY 20 22.

Signature of Deputy Court Clerk
First Judicial District STATE OF NEW MEXICO
NOTARIAL OFFICER
Marquel Gonzales-Aragon
First Judicial District



I HEREBY CERTIFY that a true and correct copy of the foregoing sent electronically and via the Court's electronic filing system to:

Steven Robert Allen
New Mexico Prison & Jail Project
3800 Osuna Rd. NE, Ste. 2
Albuquerque, NM 87109
steve@nmpjp.org

Adam S. Baker
Baker Law Office, LLC
P.O. Box 784
Santa Fe, NM 87504
abaker@bakerlawoffice.net

on this 16th day of August, 2021

*/s/ Debra J. Moulton*
DEBRA J. MOULTON

FILED  1st JUDICIAL DISTRICT COURT
Santa Fe County
8/16/2021 5:09 PM
KATHLEEN VIGIL CLERK OF THE COURT
Faith Griego

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

LAWRENCE LAMB

       Plaintiff,

       v.                           No. D-101-CV-2021-01382

JOSE CORDERO, CHRIS MARQUEZ,
and the NEW MEXICO CORRECTIONS
DEPARTMENT

       Defendants.

## JURY DEMAND

       COMES NOW Defendant New Mexico Corrections Department, by and through counsel

of record, Kennedy, Moulton & Wells, P.C., by Debra J. Moulton, and respectfully demands trial

by jury of 12 persons on all issues so triable.


                       KENNEDY, MOULTON & WELLS, P.C.
                       */s/ Debra J. Moulton*
                       DEBRA J. MOULTON
                       Attorneys for Defendant New Mexico
                       Corrections Department
                       2201 San Pedro NE, Bldg. 3, Suite 200
                       Albuquerque, New Mexico 87110-4133
                       (505) 884-7887




State of New Mexico, County of ~~Sandul~~

I certify that this is a true and correct copy of a record,
filed on the 16 day of August 2021 , in the
possession of the Office of the Clerk of the First Judicial
District Court. Dated this 12 day of July 20 21 .

Signature of Deputy Court Clerk
First Judicial District

STATE OF NEW MEXICO
NOTARIAL OFFICER
Marquel Gonzales-Aragon
First Judicial District

I HEREBY CERTIFY that a true and correct
copy of the foregoing sent electronically and
via the Court's electronic filing system to:

Steven Robert Allen
New Mexico Prison & Jail Project
3800 Osuna Rd. NE, Ste. 2
Albuquerque, NM 87109
steve@nmpjp.org

Adam S. Baker
Baker Law Office, LLC
P.O. Box 784
Santa Fe, NM 87504
abaker@bakerlawoffice.net

on this 16th day of August, 2021

*/s/ Debra J. Moulton*
DEBRA J. MOULTON

FILED 1st JUDICIAL DISTRICT COURT
Santa Fe County
8/16/2021 5:09 PM
KATHLEEN VIGIL CLERK OF THE COURT
Faith Griego

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

LAWRENCE LAMB

      Plaintiff,

      v.                          No. D-101-CV-2021-01382

JOSE CORDERO, CHRIS MARQUEZ,
and the NEW MEXICO CORRECTIONS
DEPARTMENT

      Defendants.

## DEFENDANT NEW MEXICO CORRECTIONS DEPARTMENTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR STATE TORT CLAIMS

      COMES NOW Defendant New Mexico Corrections Department, by and through counsel of record Kennedy, Moulton & Wells, P.C., by Debra J. Moulton, and hereby answers Plaintiff's Complaint for State Tort Claims as follows:

### I.    JURISDICTION AND VENUE

      1.     Paragraph 1 of the Complaint states a legal conclusion requiring no answer from Defendant herein.  To the extent that this paragraph contains any allegations, Defendant denies same;

      2.     Paragraph 2 of the Complaint states a legal conclusion requiring no answer from Defendant herein.  To the extent that this paragraph contains any allegations, Defendant denies same;

### II.    PARTIES

      3.     As to paragraph 3 of the Complaint, Defendant denies the allegations contained therein;

4.    As to paragraph 4 of the Complaint, Defendant admits the allegations contained therein;

5.    As to paragraph 5 of the Complaint, Defendant admits the allegations contained therein;

6.    Paragraph 6 of the Complaint states a legal conclusion requiring no answer from Defendant herein. To the extent that this paragraph contains any allegations, Defendant denies same;

### III.    FACTS

7.    As to paragraph 7 of the Complaint, Defendant admits the allegations contained therein;

8.    As to paragraph 8 of the Complaint, Defendant denies the allegations contained therein;

9.    As to paragraph 9 of the Complaint, Defendant admits the allegations contained therein;

10.    As to paragraph 10 of the Complaint, Defendant admits the allegations contained therein;

11.    As to paragraph 11 of the Complaint, Defendant denies the allegations contained therein;

12.    As to paragraph 12 of the Complaint, Defendant denies the allegations contained therein;

13.    As to paragraph 13 of the Complaint, Defendant denies the allegations contained therein;

14.    As to paragraph 14 of the Complaint, Defendant denies the allegations contained therein;

15.    As to paragraph 15 of the Complaint, Defendant denies the allegations contained therein;

16.    As to paragraph 16 of the Complaint, Defendant denies the allegations contained therein;

17.    As to paragraph 17 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and hence deny same;

18.    As to paragraph 18 of the Complaint, Defendant denies the allegations contained therein;

19.    As to paragraph 19 of the Complaint, Defendant denies the allegations contained therein;

20.    As to paragraph 20 of the Complaint, Defendant denies the allegations contained therein;

21.    As to paragraph 21 of the Complaint, Defendant denies the allegations contained therein;

22.    As to paragraph 22 of the Complaint, Defendant denies the allegations contained therein;

23.    As to paragraph 23 of the Complaint, Defendant denies the allegations contained therein;

24.    As to paragraph 24 of the Complaint, Defendant denies the allegations contained therein;

3

25.    As to paragraph 25 of the Complaint, Defendant denies the allegations contained therein;

26.    As to paragraph 26 of the Complaint, Defendant admits that 70 minutes after the van pulled over due to a blowout, two PNM Correctional Officers arrived on scene;

27.    As to paragraph 27 of the Complaint, Defendant admits that two hours and twenty minutes after the blowout, CNMCF Garage Specialist Philip Romero arrived on scene with van #4750;

28.    As to paragraph 28 of the Complaint, Defendant denies the allegations contained therein;

29.    As to paragraph 29 of the Complaint, Defendant denies the allegations contained therein;

30.    As to paragraph 30 of the Complaint, Defendant denies the allegations contained therein;

31.    As to paragraph 31 of the Complaint, Defendant admits the allegations contained therein;

32.    As to paragraph 32 of the Complaint, Defendant denies the allegations contained therein;

33.    As to paragraph 33 of the Complaint, Defendant denies the allegations contained therein;

34.    As to paragraph 34 of the Complaint, Defendant denies the allegations contained therein;

35.    As to paragraph 35 of the Complaint, Defendant denies the allegations contained therein;

4

36.     As to paragraph 36 of the Complaint, Defendant denies the allegations contained therein;

37.     As to paragraph 37 of the Complaint, Defendant denies the allegations contained therein;

38.     As to paragraph 38 of the Complaint, Defendant denies the allegations contained therein;

39.     As to paragraph 39 of the Complaint, Defendant denies the allegations contained therein;

40.     As to paragraph 40 of the Complaint, Defendant denies the allegations contained therein;

41.     As to paragraph 41 of the Complaint, Defendant denies the allegations contained therein;

42.     As to paragraph 42 of the Complaint, Defendant denies the allegations contained therein;

43.     As to paragraph 43 of the Complaint, Defendant admits the allegations contained therein;

44.     As to paragraph 44 of the Complaint, Defendant denies the allegations contained therein;

45.     As to paragraph 45 of the Complaint, Defendant denies the allegations contained therein;

46.     As to paragraph 46 of the Complaint, Defendant denies the allegations contained therein;

47.     As to paragraph 47 of the Complaint, Defendant denies the allegations contained therein;

48.     As to paragraph 48 of the Complaint, Defendant denies the allegations contained therein;

49.     As to paragraph 49 of the Complaint, Defendant denies the allegations contained therein;

50.     As to paragraph 50 of the Complaint, Defendant denies the allegations contained therein;

51.     As to paragraph 51 of the Complaint, Defendant denies the allegations contained therein;

52.     As to paragraph 52 of the Complaint, Defendant denies the allegations contained therein;

53.     As to paragraph 53 of the Complaint, Defendant denies the allegations contained therein;

54.     As to paragraph 54 of the Complaint, Defendant denies the allegations contained therein;

55.     As to paragraph 55 of the Complaint, Defendant denies the allegations contained therein;

56.     As to paragraph 56 of the Complaint, Defendant denies the allegations contained therein;

57.     As to paragraph 57 of the Complaint, Defendant denies the allegations contained therein;

58.    As to paragraph 58 of the Complaint, Defendant denies the allegations contained therein;

59.    As to paragraph 59 of the Complaint, Defendant denies the allegations contained therein;

60.    As to paragraph 60 of the Complaint, Defendant denies the allegations contained therein;

61.    As to paragraph 61 of the Complaint, Defendant denies the allegations contained therein;

62.    As to paragraph 62 of the Complaint, Defendant denies the allegations contained therein;

63.    As to paragraph 63 of the Complaint, Defendant admits the allegations contained therein;

## IV.    CLAIM FOR NEGLIGENT OPERATION OR MAINTENANCE OF A MOTOR VEHICLE AGAINST ALL DEFENDANTS

64.    Defendant hereby incorporates its answers to foregoing paragraphs 1 through 63 as though fully set forth herein;

65.    Paragraph 65 of the Complaint states a legal conclusion requiring no answer from Defendant herein. To the extent that this paragraph contains any allegations, Defendant denies same;

66.    As to paragraph 66 of the Complaint, Defendant denies the allegations contained therein;

67.    As to paragraph 67 of the Complaint, Defendant denies the allegations contained therein;

68.    As to paragraph 68 of the Complaint, Defendant denies the allegations contained therein;

69.    Paragraph 69 of the Complaint states a legal conclusion requiring no answer from Defendant herein.  To the extent that this paragraph contains any allegations, Defendant denies same.

## AFFIRMATIVE DEFENSES

1.    As a separate and alternative affirmative defense, Defendant states that Plaintiff's Complaint is barred in whole or in part by the doctrines of qualified and/or absolute immunity;

2.    As a separate and alternative affirmative defense, Defendant states that Plaintiff's suit is barred in whole or in part by and is subject to all limitations contained in the Prison Litigation Reform Act;

3.    As a separate and alternative affirmative defense, Defendant states that Plaintiff's Complaint fails to state a claim upon which relief can be granted;

4.    As a separate and alternative affirmative defense, Defendant states that the Plaintiff herein suffered no damage, injury or otherwise, as a result of Defendant's acts;

5.    As a separate and alternative affirmative defense, Defendant states that at all times material herein they acted in good faith and in a reasonable manner given the information and circumstances existing at the time;

6.    As a separate and alternative affirmative defense, Defendant states that the acts and damages alleged in Plaintiff's Complaint, which are specifically denied, were the proximate result of acts or omissions to act of others, thereby barring recovery herein or reducing Plaintiff's recovery in proportion to the fault assessed against others;

8

7.     As a separate and alternative affirmative defense, Defendant alleges that Plaintiff cannot prove any actual or compensatory damages;

8.     As a separate and alternative affirmative defense, Defendant states that if it were negligent, which negligence is specifically denied, then Plaintiff was negligent in failing and neglecting to exercise that degree of care which would have been used by an ordinarily reasonable and prudent person under the same or similar circumstances, and that such negligence proximately cause or contributed to cause the matters complained of in the Complaint, thereby reducing the amount of the Plaintiff's recovery of total damages by an amount proportionate to his degree of fault;

9.     As a separate and alternative affirmative defense, Defendant states that the acts or failures to act of Defendant, as alleged in Plaintiff's Complaint and which are specifically denied, state a cause of action for punitive damages;

10.     As a separate and alternative affirmative defense, to the extent Plaintiff purports to assert state law claims, Defendant is immune from suit under the New Mexico Tort Claims Act, and there is no waiver of immunity for the alleged conduct of Defendant;

11.     As a separate and alternative affirmative defense, Defendant states that Plaintiff failed to exhaust his administrative remedies;

12.     As a separate and alternative affirmative defense, Defendant states that Plaintiff's state law claims are barred, in whole or in part, to the extent Plaintiff was required but failed to follow or comply with the mandatory notice provisions of the New Mexico Tort Claims Act;

13.     As a separate and alternative affirmative defense, Defendant states that Plaintiff failed to mitigate his damages, if any;

9

14.    As a separate and alternative affirmative defense, Defendant states that it breached no duty owed to Plaintiff;

15.    As a separate and alternative affirmative defense, Defendant states that Plaintiff's injuries, if any, were proximately caused by an independent intervening cause for which Defendant is not liable;

16.    As a separate and alternative affirmative defense, Defendants state that they reserve the right to rely upon such other defenses as may become known during the course of discovery and hereby reserve the right to amend their answer to include such defenses as necessary.

Therefore, Defendant respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice and any further relief as the court deems just and proper.

KENNEDY, MOULTON & WELLS, P.C.

/s/ Debra J. Moulton
Debra J. Moulton
Attorneys for Defendant NMCD
2201 San Pedro NE, Bldg.3, Suite 200
Albuquerque, New Mexico 87110
(505) 884-7887



State of New Mexico, County of Santa Fe

I certify that this is a true and correct copy of a record, filed on the 16 day of August 2021 in the possession of the Office of the Clerk of the First Judicial District Court. Dated this 15 day of June 20 22

Signature of Deputy Court Clerk
First Judicial District

STATE OF NEW MEXICO
NOTARIAL OFFICER
Marquel Gonzales-Aragon
First Judicial District

10

I HEREBY CERTIFY that a true and correct
copy of the foregoing sent electronically and
via the Court's electronic filing system to:

Steven Robert Allen
New Mexico Prison & Jail Project
3800 Osuna Rd. NE, Ste. 2
Albuquerque, NM 87109
steve@nmpjp.org

Adam S. Baker
Baker Law Office, LLC
P.O. Box 784
Santa Fe, NM 87504
abaker@bakerlawoffice.net

on this 16th day of August, 2021

*/s/ Debra J. Moulton*
DEBRA J. MOULTON

FILED 1st JUDICIAL DISTRICT COURT
Santa Fe County
8/26/2021 3:46 PM
KATHLEEN VIGIL CLERK OF THE COURT
Liliana Villalobos

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

LAWRENCE LAMB,

      Plaintiff,

v.                                                                Case No. D-101-CV-2021-01382

JOSE CORDERO, CHRIS MARQUEZ, and
the NEW MEXICO CORRECTIONS
DEPARTMENT,

Defendants.

## JURY DEMAND

      COMES NOW Plaintiff, Lawrence Lamb, by and through his attorneys, the New Mexico

Prison & Jail Project (Steven Robert Allen) and Baker Law Office, LLC (Adam S. Baker), and

hereby demands a trial by a twelve (12) person jury in the above entitled and numbered cause.

      Respectfully submitted,

State of New Mexico, County of _Santa Fe_

I certify that this is a true and correct copy of a record,
filed on the 26 day of August 2021, in the
possession of the Office of the Clerk of the First Judicial
District Court. Dated this 15 day of Dec 20 22.

_Signature of Deputy Clerk_
First Judicial District

STATE OF NEW MEXICO
NOTARIAL OFFICER
Marquel Gonzales-Aragon
First Judicial District

ATTORNEYS FOR PLAINTIFF:

_/s/Steven Robert Allen_
STEVEN ROBERT ALLEN
NEW MEXICO PRISON & JAIL PROJECT
3800 Osuna Road NE, Ste 2
Albuquerque, NM 87109
(505) 515-0939

ADAM S. BAKER
BAKER LAW OFFICE, LLC
P.O. Box 784
Santa Fe, NM 87504
(505) 690-7466

I hereby certify that a true and correct
copy of the foregoing was sent electronically
and via the Court's electronic filing system to:

KENNEDY, MOULTON & WELLS, P.C.
DEBRA MOULTON
Attorneys for Defendant New Mexico Corrections Department
2201 San Pedro NE, Bldg. 3, Suite 200
Albuquerque, NM 87110-4133
(505) 884-7887
dmoulton@kmwpc.com

on this 26th day of August, 2021

*/s/Steven Robert Allen*
STEVEN ROBERT ALLEN

FILED 1st JUDICIAL DISTRICT COURT
Santa Fe County
9/9/2021 1:17 PM
KATHLEEN VIGIL CLERK OF THE COURT
Marina Sisneros

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

LAWRENCE LAMB,

     Plaintiff,

v.                           Case No. D-101-CV-2021-01382

JOSE CORDERO, CHRIS MARQUEZ, and
the NEW MEXICO CORRECTIONS
DEPARTMENT,

Defendants.

## CERTIFICATE OF SERVICE
## FOR PLAINTIFF'S FIRST SET OF INTERROGATORIES AND
## REQUESTS FOR PRODUCTION TO DEFENDANT NEW MEXICO CORRECTIONS
## DEPARTMENT

The undersigned hereby certifies that on the 12th day of July 2021 Plaintiff's first set of

interrogatories and requests for production were sent via certified mail to Defendant New Mexico

Corrections Department along with the summons and Plaintiff's Complaint.

To:

     New Mexico Corrections Department
     4337 NM 14
     Santa Fe NM 87508
     P.O. Box 27116
     Santa Fe NM 87502-0116

State of New Mexico, County of Santa Fe

I certify that this is a true and correct copy of a record, filed on the __ day of __ 2021 , in the possession of the Office of the Clerk of the First Judicial District Court. Dated this 15 day of June 20 22

_Marquel G. Aragon_
Signature of Deputy Court Clerk
First Judicial District

STATE OF NEW MEXICO
NOTARIAL OFFICER
Marquel Gonzales-Aragon
First Judicial District

1



Respectfully submitted,

ATTORNEYS FOR PLAINTIFF:

---

STEVEN ROBERT ALLEN
NEW MEXICO PRISON & JAIL PROJECT
3800 Osuna Road NE, Ste 2
Albuquerque, NM 87109
(505) 515-0939

ADAM S. BAKER
BAKER LAW OFFICE, LLC
P.O. Box 784
Santa Fe, NM 87504
(505) 690-7466

FILED 1st JUDICIAL DISTRICT COURT
Santa Fe County
9/30/2021 3:19 PM
KATHLEEN VIGIL CLERK OF THE COURT
Liliana Villalobos

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

LAWRENCE LAMB,

      Plaintiff,

      v.                                                    Case No. D-101-CV-2021-01382

JOSE CORDERO, CHRIS MARQUEZ, and
the NEW MEXICO CORRECTIONS
DEPARTMENT,

      Defendants.

## CERTIFICATE OF SERVICE

      COMES NOW Defendant New Mexico Corrections Department, by and through counsel

of record, Kennedy, Moulton & Wells, P.C., by Debra J. Moulton and hereby certifies that

Defendant NMCD's Answers and Responses to Plaintiff's First Set of Interrogatories and

Requests for Production, along with a copy of this Certificate, were transmitted via electronic

mail to Steven Robert Allen, steve@nmpjp.org and Adam S. Baker, abaker@bakerlawoffice.net

on this 30th day of September, 2021.

State of New Mexico, County of _Santa Fe_

I certify that this is a true and correct copy of a record,
filed on the _30_ day of _September_ _2021_ in the
possession of the Office of the Clerk of the First Judicial
District Court. Dated this _15_ day of _June_ 20_22_

_Marquel H Argen_
Signature of Deputy Court Clerk
First Judicial District

KENNEDY, MOULTON & WELLS, P.C.

_/s/ Debra J. Moulton_
Debra J. Moulton
Attorney for New Mexico Corrections Department,
Chris Marquez and Jose Cordero
2201 San Pedro NE, Bldg. 3, Suite 200
Albuquerque, NM 87110
(505) 884-7887

STATE OF NEW MEXICO
NOTARIAL OFFICER
Marquel Gonzales-Aragon
First Judicial District

FILED 1st JUDICIAL DISTRICT COURT
Santa Fe County
10/13/2021 5:10 PM
KATHLEEN VIGIL CLERK OF THE COURT
Marina Sisneros

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

LAWRENCE LAMB,

       Plaintiff,

v.                                      Case No. D-101-CV-2021-01382

JOSE CORDERO, CHRIS MARQUEZ, and
the NEW MEXICO CORRECTIONS
DEPARTMENT,

       Defendants.

## ACCEPTANCE OF SERVICE

I, Debra J. Moulton, hereby state as follows:

1.      I have actual authority to accept service of process on behalf of Defendants Jose Cordero and Chris Marquez in my capacity as their legal counsel.

2.      I hereby acknowledge and accept service on behalf of Defendants Jose Cordero and Chris Marquez effective September 17, 2021.

3.      By accepting service for these Defendants, I do not intend to waive any defenses or objections to the lawsuit except for any such defense or objection based on personal service of process on these Defendants.

4.      I further acknowledge that I must file an answer or other responsive pleading on behalf of Defendants Jose Cordero and Chris Marquez on or before October 18, 2021.

State of New Mexico, County of _____          KENNEDY, MOULTON & WELLS, P.C.

I certify that this is a true and correct copy of a record          /s/ Debra J. Moulton
filed on the 13 day of Oct 2021 .in the
possession of the Office of the Clerk of the First Judicial          Debra J. Moulton
District Court. Dated this 15 day of June 2022          Attorneys for Defendants
                                                         2201 San Pedro NE, Bldg.3, Suite 200
_____                         Albuquerque, New Mexico 87110
Signature of Deputy Court Clerk                          (505) 884-7887
First Judicial District

STATE OF NEW MEXICO
NOTARIAL OFFICER
Marquel Gonzales-Aragon
First Judicial District

I HEREBY CERTIFY that a true and correct
copy of the foregoing was served via
the electronic filing system to:

Steven Robert Allen
New Mexico Prison & Jail Project
3800 Osuna Rd. NE, Ste. 2
Albuquerque, NM 87109
steve@nmpjp.org

Adam S. Baker
Baker Law Office, LLC
P.O. Box 784
Santa Fe, NM 87504
abaker@bakerlawoffice.net

on this 13th day of October, 2021

/s/ Debra J. Moulton
DEBRA J. MOULTON

FILED 1st JUDICIAL DISTRICT COURT
Santa Fe County
10/18/2021 4:51 PM
KATHLEEN VIGIL CLERK OF THE COURT
Marina Sisneros

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

LAWRENCE LAMB

      Plaintiff,

      v.                                          No. D-101-CV-2021-01382

JOSE CORDERO, CHRIS MARQUEZ,
and the NEW MEXICO CORRECTIONS
DEPARTMENT

      Defendants.

## DEFENDANTS JOSE CORDERO AND CHRIS MARQUEZ' ANSWER TO PLAINTIFF'S COMPLAINT FOR STATE TORT CLAIMS

COME NOW Defendants Jose Cordero and Chris Marquez, by and through counsel of record Kennedy, Moulton & Wells, P.C., by Debra J. Moulton, and hereby answer Plaintiff's Complaint for State Tort Claims as follows:

### I.    JURISDICTION AND VENUE

1.    Paragraph 1 of the Complaint states a legal conclusion requiring no answer from Defendants herein. To the extent that this paragraph contains any allegations, Defendants deny same;

2.    Paragraph 2 of the Complaint states a legal conclusion requiring no answer from Defendants herein. To the extent that this paragraph contains any allegations, Defendants deny same;

### II.    PARTIES

3.    As to paragraph 3 of the Complaint, Defendants deny the allegations contained therein;

1

4.    As to paragraph 4 of the Complaint, Defendants admit the allegations contained therein;

5.    As to paragraph 5 of the Complaint, Defendants admit the allegations contained therein;

6.    Paragraph 6 of the Complaint states a legal conclusion requiring no answer from Defendants herein. To the extent that this paragraph contains any allegations, Defendants deny same;

### III.    FACTS

7.    As to paragraph 7 of the Complaint, Defendants admit the allegations contained therein;

8.    As to paragraph 8 of the Complaint, Defendants deny the allegations contained therein;

9.    As to paragraph 9 of the Complaint, Defendants admit the allegations contained therein;

10.    As to paragraph 10 of the Complaint, Defendants admit the allegations contained therein;

11.    As to paragraph 11 of the Complaint, Defendants deny the allegations contained therein;

12.    As to paragraph 12 of the Complaint, Defendants deny the allegations contained therein;

13.    As to paragraph 13 of the Complaint, Defendants deny the allegations contained therein;

14.    As to paragraph 14 of the Complaint, Defendants deny the allegations contained therein;

15.    As to paragraph 15 of the Complaint, Defendants deny the allegations contained therein;

16.    As to paragraph 16 of the Complaint, Defendants deny the allegations contained therein;

17.    As to paragraph 17 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and hence deny same;

18.    As to paragraph 18 of the Complaint, Defendants deny the allegations contained therein;

19.    As to paragraph 19 of the Complaint, Defendants deny the allegations contained therein;

20.    As to paragraph 20 of the Complaint, Defendants deny the allegations contained therein;

21.    As to paragraph 21 of the Complaint, Defendants deny the allegations contained therein;

22.    As to paragraph 22 of the Complaint, Defendants deny the allegations contained therein;

23.    As to paragraph 23 of the Complaint, Defendants deny the allegations contained therein;

24.    As to paragraph 24 of the Complaint, Defendants deny the allegations contained therein;

3

25.     As to paragraph 25 of the Complaint, Defendants deny the allegations contained therein;

26.     As to paragraph 26 of the Complaint, Defendants admit that 70 minutes after the van pulled over due to a blowout, two PNM Correctional Officers arrived on scene;

27.     As to paragraph 27 of the Complaint, Defendants admit that two hours and twenty minutes after the blowout, CNMCF Garage Specialist Philip Romero arrived on scene with van #4750;

28.     As to paragraph 28 of the Complaint, Defendants deny the allegations contained therein;

29.     As to paragraph 29 of the Complaint, Defendants deny the allegations contained therein;

30.     As to paragraph 30 of the Complaint, Defendants deny the allegations contained therein;

31.     As to paragraph 31 of the Complaint, Defendants admit the allegations contained therein;

32.     As to paragraph 32 of the Complaint, Defendants deny the allegations contained therein;

33.     As to paragraph 33 of the Complaint, Defendants deny the allegations contained therein;

34.     As to paragraph 34 of the Complaint, Defendants deny the allegations contained therein;

35.     As to paragraph 35 of the Complaint, Defendants deny the allegations contained therein;

36.     As to paragraph 36 of the Complaint, Defendants deny the allegations contained therein;

37.     As to paragraph 37 of the Complaint, Defendants deny the allegations contained therein;

38.     As to paragraph 38 of the Complaint, Defendants deny the allegations contained therein;

39.     As to paragraph 39 of the Complaint, Defendants deny the allegations contained therein;

40.     As to paragraph 40 of the Complaint, Defendants deny the allegations contained therein;

41.     As to paragraph 41 of the Complaint, Defendants deny the allegations contained therein;

42.     As to paragraph 42 of the Complaint, Defendants deny the allegations contained therein;

43.     As to paragraph 43 of the Complaint, Defendants admit the allegations contained therein;

44.     As to paragraph 44 of the Complaint, Defendants deny the allegations contained therein;

45.     As to paragraph 45 of the Complaint, Defendants deny the allegations contained therein;

46.     As to paragraph 46 of the Complaint, Defendants deny the allegations contained therein;

47.     As to paragraph 47 of the Complaint, Defendants deny the allegations contained therein;

48.     As to paragraph 48 of the Complaint, Defendants deny the allegations contained therein;

49.     As to paragraph 49 of the Complaint, Defendants deny the allegations contained therein;

50.     As to paragraph 50 of the Complaint, Defendants deny the allegations contained therein;

51.     As to paragraph 51 of the Complaint, Defendants deny the allegations contained therein;

52.     As to paragraph 52 of the Complaint, Defendants deny the allegations contained therein;

53.     As to paragraph 53 of the Complaint, Defendants deny the allegations contained therein;

54.     As to paragraph 54 of the Complaint, Defendants deny the allegations contained therein;

55.     As to paragraph 55 of the Complaint, Defendants deny the allegations contained therein;

56.     As to paragraph 56 of the Complaint, Defendants deny the allegations contained therein;

57.     As to paragraph 57 of the Complaint, Defendants deny the allegations contained therein;

58.     As to paragraph 58 of the Complaint, Defendants deny the allegations contained therein;

59.     As to paragraph 59 of the Complaint, Defendants deny the allegations contained therein;

60.     As to paragraph 60 of the Complaint, Defendants deny the allegations contained therein;

61.     As to paragraph 61 of the Complaint, Defendants deny the allegations contained therein;

62.     As to paragraph 62 of the Complaint, Defendants deny the allegations contained therein;

63.     As to paragraph 63 of the Complaint, Defendants admit the allegations contained therein;

### IV.     CLAIM FOR NEGLIGENT OPERATION OR MAINTENANCE OF A MOTOR VEHICLE AGAINST ALL DEFENDANTS

64.     Defendants hereby incorporate their answers to foregoing paragraphs 1 through 63 as though fully set forth herein;

65.     Paragraph 65 of the Complaint states a legal conclusion requiring no answer from Defendants herein.  To the extent that this paragraph contains any allegations, Defendants deny same;

66.     As to paragraph 66 of the Complaint, Defendants deny the allegations contained therein;

67.     As to paragraph 67 of the Complaint, Defendants deny the allegations contained therein;

68.    As to paragraph 68 of the Complaint, Defendants deny the allegations contained therein;

69.    Paragraph 69 of the Complaint states a legal conclusion requiring no answer from Defendants herein.  To the extent that this paragraph contains any allegations, Defendants deny same.

70.    Any allegations not specifically admitted or denied by Defendants are denied;

71.    Defendants deny that Plaintiff is entitled to any damages.

## AFFIRMATIVE DEFENSES

1.    As a separate and alternative affirmative defense, Defendants state that Plaintiff's Complaint is barred in whole or in part by the doctrines of qualified and/or absolute immunity;

2.    As a separate and alternative affirmative defense, Defendants state that Plaintiff's suit is barred in whole or in part by and is subject to all limitations contained in the Prison Litigation Reform Act;

3.    As a separate and alternative affirmative defense, Defendants state that Plaintiff's Complaint fails to state a claim upon which relief can be granted;

4.    As a separate and alternative affirmative defense, Defendants state that the Plaintiff herein suffered no damage, injury or otherwise, as a result of Defendants' acts;

5.    As a separate and alternative affirmative defense, Defendants state that at all times material herein they acted in good faith and in a reasonable manner given the information and circumstances existing at the time;

6.    As a separate and alternative affirmative defense, Defendants state that the acts and damages alleged in Plaintiff's Complaint, which are specifically denied, were the proximate

result of acts or omissions to act of others, thereby barring recovery herein or reducing Plaintiff's recovery in proportion to the fault assessed against others;

      7.     As a separate and alternative affirmative defense, Defendants allege that Plaintiff cannot prove any actual or compensatory damages;

      8.     As a separate and alternative affirmative defense, Defendants state that if they were negligent, which negligence is specifically denied, then Plaintiff was negligent in failing and neglecting to exercise that degree of care which would have been used by an ordinarily reasonable and prudent person under the same or similar circumstances, and that such negligence proximately cause or contributed to cause the matters complained of in the Complaint, thereby reducing the amount of the Plaintiff's recovery of total damages by an amount proportionate to his degree of fault;

      10.    As a separate and alternative affirmative defense, to the extent Plaintiff purports to assert state law claims, Defendants are immune from suit under the New Mexico Tort Claims Act, and there is no waiver of immunity for the alleged conduct of Defendants;

      11.    As a separate and alternative affirmative defense, Defendants state that Plaintiff failed to exhaust his administrative remedies;

      12.    As a separate and alternative affirmative defense, Defendants state that Plaintiff's state law claims are barred, in whole or in part, to the extent Plaintiff was required but failed to follow or comply with the mandatory notice provisions of the New Mexico Tort Claims Act;

      13.    As a separate and alternative affirmative defense, Defendants state that Plaintiff failed to mitigate his damages, if any;

      14.    As a separate and alternative affirmative defense, Defendants state that they breached no duty owed to Plaintiff;

15.    As a separate and alternative affirmative defense, Defendants state that Plaintiff's injuries, if any, were proximately caused by an independent intervening cause for which Defendants are not liable;

16.    As a separate and alternative affirmative defense, Defendants state that they reserve the right to rely upon such other defenses as may become known during the course of discovery and hereby reserve the right to amend their answer to include such defenses as necessary.

Therefore, Defendants respectfully request that this Court dismiss Plaintiff's Complaint with prejudice and any further relief as the court deems just and proper.

KENNEDY, MOULTON & WELLS, P.C.

/s/ Debra J. Moulton
Debra J. Moulton
Attorneys for Defendants
2201 San Pedro NE, Bldg.3, Suite 200
Albuquerque, New Mexico 87110
(505) 884-7887

State of New Mexico, County of Santa Fe

I certify that this is a true and correct copy of a record,
filed on the 18 day of October 2021, in the
possession of the Office of the Clerk of the First Judicial
District Court. Dated this 15 day of June 20 22.

Signature of Deputy Court Clerk
First Judicial District

STATE OF NEW MEXICO
NOTARIAL OFFICER
Marquel Gonzales-Aragon
First Judicial District

10

I HEREBY CERTIFY that a true and correct
copy of the foregoing sent electronically and
via the Court's electronic filing system to:

Steven Robert Allen
New Mexico Prison & Jail Project
3800 Osuna Rd. NE, Ste. 2
Albuquerque, NM 87109
steve@nmpjp.org

Adam S. Baker
Baker Law Office, LLC
P.O. Box 784
Santa Fe, NM 87504
abaker@bakerlawoffice.net

on this 18th day of October, 2021

*/s/ Debra J. Moulton*
DEBRA J. MOULTON

FILED 1st JUDICIAL DISTRICT COURT
Santa Fe County
11/10/2021 11:55 AM
KATHLEEN VIGIL CLERK OF THE COURT
Gloria Landin

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

LAWRENCE LAMB

      Plaintiff,

      v.                                                                    No. D-101-CV-2021-01382

JOSE CORDERO, CHRIS MARQUEZ,
and the NEW MEXICO CORRECTIONS
DEPARTMENT

      Defendants.

## STIPULATED PROTECTIVE ORDER

      This matter having come before the Court on the joint stipulation and agreement of the

parties to allow the inspection by the parties of certain records, material and information, and the

Court being advised that such production will include certain information that is private and

confidential and that disclosure of such information may or will invade the confidentiality and

privacy rights of the parties, the Court finds that this Stipulated Protective Order is needed to

protect such rights of privacy, to protect confidential information, and to limit disclosure and use

of such information and documents to this civil proceeding. Therefore, the Court hereby makes

and enters the following Stipulated Protective Order protecting the confidentiality of certain

documents and information which is or may be within the knowledge of the parties and which

may be subject to discovery in this lawsuit.

      IT IS THEREFORE ORDERED:

      1.    This Stipulated Protective Order shall govern the use and/or production and

disclosure of certain records, information, documents, tangible things and materials (hereafter the

"Confidential Material") which may be produced or disclosed during this litigation. A producing

1

party shall designate Confidential Material, other than deposition transcripts, either by setting

forth in a cover letter with any Confidential Material produced that such material is Confidential

Material, or alternatively, by placing a cover sheet on the front of the Confidential Material

produced, with the word "Confidential" typed, written or printed on such cover sheet. The

identification of Confidential Material in either of these fashions shall mean that all materials or

information produced with such cover letter or cover sheet shall be "Confidential Material"

unless the producing party indicates otherwise;

2.    The Confidential Material shall be disclosed only to the parties (or their officers,

employees or agents to whom it is necessary that such information be shown in the preparation

of trial of this action), attorneys for named parties in this action (including their employees and

independent contractors), and outside expert witnesses and consultants employed by the parties

or their attorneys for this action. All such persons shall use such Confidential Material solely in

the preparation for or at the trial of this action and for no other purpose. All outside expert

witnesses and consultants employed for this action shall be bound by this Order. The parties

agree to be bound by the terms of the Order and to be subject to the jurisdiction of this Court;

3.    Confidential Material received from any producing party shall not be used by the

receiving party for any purpose other than this lawsuit;

4.    All Confidential Material provided by any party to any other party in this lawsuit,

and any copies made therefrom, shall be maintained by the receiving party's attorney and

destroyed no later than six (6) years after the termination of this lawsuit, whether by entry of

final judgment by this Court, upon dismissal of this lawsuit, or upon final disposition by appeal,

whichever is latest;

2

5.      All Confidential Material provided by any party to any person other than a party to this lawsuit, and any copies made therefrom, shall be returned to the attorney for the party who provided the Confidential Material to the person or destroyed by the person who received the Confidential Material within sixty (60) days of the termination of this lawsuit, whether by entry of final judgment by this Court, upon dismissal of this lawsuit, or upon final disposition by appeal, whichever is latest, and no copies thereof shall be retained by any such person;

6.      Nothing contained in this Order, and no action taken pursuant to this Order, shall prejudice the right of any party to contest the alleged relevancy, admissibility or discoverability of documents sought or subject to this Order;

7.      Nothing contained in this Order shall preclude the producing party of any Confidential Material from using that Confidential Material produced by that party in any manner the producing party sees fit, or from revealing the Confidential Material to whomever the producing party chooses, without prior consent of any receiving party or of this Court;

8.      The Order shall continue in full force as to all of the parties and persons subject to this Order during the pendency of this action and it shall survive any final judgment, dismissal, or final disposition by appeal, unless and until it is amended or superseded by express order of this Court;

9.      Confidential Material may be disclosed to deponents during the course of their deposition. However, the attorney disclosing such material must advise the deponent on the record that, pursuant to this Order, such person may not divulge such confidential material to any other person. The attorney disclosing such material must then furnish a copy of this Order at the time of such deposition to the deponent. On receipt of such advice and a copy of this Order, the deponent will be under the same restrictions with respect to the Confidential Material as all of

3

the parties hereto. Further, with respect to any deposition testimony concerning any Confidential Material, such deposition testimony shall be deemed confidential and no portion of any deposition transcript deemed confidential shall be disclosed to any person except the deponent, and those persons described in paragraph 2 of this Order;

10.    In the event that any Confidential Material is included with, or the contents thereof are disclosed in any pleadings, motion, deposition transcript or other papers filed with the Clerk of this Court, such Confidential Material may be kept under seal by the Clerk if so ordered by the Court; provided, however, that in such cases, all such papers shall be furnished to the Court and attorneys for the parties, and a duplicate copy thereof with the confidential material deleted therefrom may be placed in the public record;

11.    Nothing contained in this Order shall be deemed to preclude any party from seeking and obtaining, on appropriate showing, relief from this Order, additional protection with respect to the confidentiality of documents or other discovery material, or from providing by stipulation exceptions to this Order.

12.    If a party believes that a document designated or sought to be designated confidential by the producing party does not warrant such designation, the party shall first make a good-faith effort to resolve such a dispute with opposing counsel. In the event that such a dispute cannot be resolved by the parties, either party may apply to the Court or special master for a determination as to whether the designation is appropriate. the burden rests on the party seeking confidentiality to demonstrate that such designation is proper. All documents designated by any party as confidential will remain confidential until, and only if, otherwise determined by the Court.

4

11/9/2021

MATTHEW J. WILSON
DISTRICT COURT JUDGE



State of New Mexico, County of Sun ture

I certify that this is a true and correct copy of a record,
filed on the 10 day of November 2021 .in the
possession of the Office of the Clerk of the First Judicial
District Court. Dated this 15 day of Jun 2022

Signature of Deputy Court Clerk
First Judicial District

STATE OF NEW MEXICO
NOTARIAL OFFICER
Marquel Gonzales-Aragon
First Judicial District

Approved and agreed to:

/s/ Steven Robert Allen
Steven Robert Allen
New Mexico Prison & Jail Project
3800 Osuna Rd. NE, Ste. 2
Albuquerque, NM 87109
(505) 515-0939

/s/ Adam S. Baker
Adam S. Baker
Baker Law Office, LLC
P.O. Box 784
Santa Fe, NM 87504
(505) 690-7466

*Attorneys for Plaintiff*

/s/ Debra J. Moulton
Debra J. Moulton
Kennedy, Moulton & Wells, P.C.
2201 San Pedro NE, Bldg 3, Suite 200
Albuquerque, NM  87110
(505) 884-7887

*Attorney for Defendants*

5

FILED 1st JUDICIAL DISTRICT COURT
Santa Fe County
11/10/2021 11:55 AM
KATHLEEN VIGIL CLERK OF THE COURT
Gloria Landin

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

LAWRENCE LAMB

       Plaintiff,

       v.                              No. D-101-CV-2021-01382

JOSE CORDERO, CHRIS MARQUEZ,
and the NEW MEXICO CORRECTIONS
DEPARTMENT

       Defendants.

## STIPULATED PROTECTIVE ORDER

This matter having come before the Court on the joint stipulation and agreement of the parties to allow the inspection by the parties of certain records, material and information, and the Court being advised that such production will include certain information that is private and confidential and that disclosure of such information may or will invade the confidentiality and privacy rights of the parties, the Court finds that this Stipulated Protective Order is needed to protect such rights of privacy, to protect confidential information, and to limit disclosure and use of such information and documents to this civil proceeding. Therefore, the Court hereby makes and enters the following Stipulated Protective Order protecting the confidentiality of certain documents and information which is or may be within the knowledge of the parties and which may be subject to discovery in this lawsuit.

IT IS THEREFORE ORDERED:

1.     This Stipulated Protective Order shall govern the use and/or production and disclosure of certain records, information, documents, tangible things and materials (hereafter the "Confidential Material") which may be produced or disclosed during this litigation. A producing

party shall designate Confidential Material, other than deposition transcripts, either by setting forth in a cover letter with any Confidential Material produced that such material is Confidential Material, or alternatively, by placing a cover sheet on the front of the Confidential Material produced, with the word "Confidential" typed, written or printed on such cover sheet. The identification of Confidential Material in either of these fashions shall mean that all materials or information produced with such cover letter or cover sheet shall be "Confidential Material" unless the producing party indicates otherwise;

2.      The Confidential Material shall be disclosed only to the parties (or their officers, employees or agents to whom it is necessary that such information be shown in the preparation of trial of this action), attorneys for named parties in this action (including their employees and independent contractors), and outside expert witnesses and consultants employed by the parties or their attorneys for this action. All such persons shall use such Confidential Material solely in the preparation for or at the trial of this action and for no other purpose. All outside expert witnesses and consultants employed for this action shall be bound by this Order. The parties agree to be bound by the terms of the Order and to be subject to the jurisdiction of this Court;

3.      Confidential Material received from any producing party shall not be used by the receiving party for any purpose other than this lawsuit;

4.      All Confidential Material provided by any party to any other party in this lawsuit, and any copies made therefrom, shall be maintained by the receiving party's attorney and destroyed no later than six (6) years after the termination of this lawsuit, whether by entry of final judgment by this Court, upon dismissal of this lawsuit, or upon final disposition by appeal, whichever is latest;

2

5.    All Confidential Material provided by any party to any person other than a party to this lawsuit, and any copies made therefrom, shall be returned to the attorney for the party who provided the Confidential Material to the person or destroyed by the person who received the Confidential Material within sixty (60) days of the termination of this lawsuit, whether by entry of final judgment by this Court, upon dismissal of this lawsuit, or upon final disposition by appeal, whichever is latest, and no copies thereof shall be retained by any such person;

6.    Nothing contained in this Order, and no action taken pursuant to this Order, shall prejudice the right of any party to contest the alleged relevancy, admissibility or discoverability of documents sought or subject to this Order;

7.    Nothing contained in this Order shall preclude the producing party of any Confidential Material from using that Confidential Material produced by that party in any manner the producing party sees fit, or from revealing the Confidential Material to whomever the producing party chooses, without prior consent of any receiving party or of this Court;

8.    The Order shall continue in full force as to all of the parties and persons subject to this Order during the pendency of this action and it shall survive any final judgment, dismissal, or final disposition by appeal, unless and until it is amended or superseded by express order of this Court;

9.    Confidential Material may be disclosed to deponents during the course of their deposition. However, the attorney disclosing such material must advise the deponent on the record that, pursuant to this Order, such person may not divulge such confidential material to any other person. The attorney disclosing such material must then furnish a copy of this Order at the time of such deposition to the deponent. On receipt of such advice and a copy of this Order, the deponent will be under the same restrictions with respect to the Confidential Material as all of

3

the parties hereto. Further, with respect to any deposition testimony concerning any Confidential Material, such deposition testimony shall be deemed confidential and no portion of any deposition transcript deemed confidential shall be disclosed to any person except the deponent, and those persons described in paragraph 2 of this Order;

10.    In the event that any Confidential Material is included with, or the contents thereof are disclosed in any pleadings, motion, deposition transcript or other papers filed with the Clerk of this Court, such Confidential Material may be kept under seal by the Clerk if so ordered by the Court; provided, however, that in such cases, all such papers shall be furnished to the Court and attorneys for the parties, and a duplicate copy thereof with the confidential material deleted therefrom may be placed in the public record;

11.    Nothing contained in this Order shall be deemed to preclude any party from seeking and obtaining, on appropriate showing, relief from this Order, additional protection with respect to the confidentiality of documents or other discovery material, or from providing by stipulation exceptions to this Order.

12.    If a party believes that a document designated or sought to be designated confidential by the producing party does not warrant such designation, the party shall first make a good-faith effort to resolve such a dispute with opposing counsel. In the event that such a dispute cannot be resolved by the parties, either party may apply to the Court or special master for a determination as to whether the designation is appropriate. the burden rests on the party seeking confidentiality to demonstrate that such designation is proper. All documents designated by any party as confidential will remain confidential until, and only if, otherwise determined by the Court.

4

11/9/2021

MATTHEW J. WILSON
DISTRICT COURT JUDGE

State of New Mexico, County of _____

I certify that this is a true and correct copy of a record,
filed on the ___ day of _____ 2021, in the
possession of the Office of the Clerk of the First Judicial
District Court. Dated this ___ day of _____ 20__

Signature of Deputy Court Clerk
First Judicial District

STATE OF NEW MEXICO
NOTARIAL OFFICER
Marquel Gonzales-Aragon
First Judicial District

Approved and agreed to:

/s/ Steven Robert Allen
Steven Robert Allen
New Mexico Prison & Jail Project
3800 Osuna Rd. NE, Ste. 2
Albuquerque, NM 87109
(505) 515-0939

/s/ Adam S. Baker
Adam S. Baker
Baker Law Office, LLC
P.O. Box 784
Santa Fe, NM 87504
(505) 690-7466

*Attorneys for Plaintiff*

/s/ Debra J. Moulton
Debra J. Moulton
Kennedy, Moulton & Wells, P.C.
2201 San Pedro NE, Bldg 3, Suite 200
Albuquerque, NM 87110
(505) 884-7887

*Attorney for Defendants*

FILED 1st JUDICIAL DISTRICT COURT
Santa Fe County
11/19/2021 1:36 PM
KATHLEEN VIGIL CLERK OF THE COURT
Faith A Griego

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

LAWRENCE LAMB,

     Plaintiff,

v.                                                                    Case No. D-101-CV-2021-01382

JOSE CORDERO, CHRIS MARQUEZ, and
the NEW MEXICO CORRECTIONS
DEPARTMENT,

     Defendants.

## CERTIFICATE OF SERVICE

     COMES NOW Defendant New Mexico Corrections Department, by and through counsel

of record, Kennedy, Moulton & Wells, P.C., by Debra J. Moulton and hereby certifies that

Defendant NMCD's First Supplemental Answers and Responses to Plaintiff's First Set of

Interrogatories and Requests for Production, along with a copy of this Certificate, were

transmitted via electronic mail to Steven Robert Allen, steve@nmpjp.org and Adam S. Baker,

abaker@bakerlawoffice.net on this 19th day of November, 2021.

State of New Mexico, County of _Santa Fe_

I certify that this is a true and correct copy of a record,
filed on the __ day of _November 2021_ in the
possession of the Office of the Clerk of the First Judicial
District Court. Dated this _15_ day of _June_ 20 _22_.

_Signature of Deputy Court Clerk_
First Judicial District

STATE OF NEW MEXICO
NOTARIAL OFFICER
Marquel Gonzales-Aragon
First Judicial District

KENNEDY, MOULTON & WELLS, P.C.

/s/ Debra J. Moulton
Debra J. Moulton
Attorney for New Mexico Corrections Department,
Chris Marquez and Jose Cordero
2201 San Pedro NE, Bldg. 3, Suite 200
Albuquerque, NM 87110
(505) 884-7887

FILED  1st JUDICIAL DISTRICT COURT
Santa Fe County
2/3/2022 11:33 AM
KATHLEEN VIGIL CLERK OF THE COURT
Breanna Aguilar

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

LAWRENCE LAMB,

      Plaintiff,

v.                                              Case No. D-101-CV-2021-01382

JOSE CORDERO, CHRIS MARQUEZ, and
the   NEW   MEXICO   CORRECTIONS
DEPARTMENT,

Defendants.

## CERTIFICATE OF SERVICE
## FOR PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR
## PRODUCTION TO DEFENDANTS JOSE CORDERO AND CHRIS MARQUEZ

      The undersigned hereby certifies that Plaintiff's First Set of Interrogatories and Requests for

Production to Defendants Jose Cordero and Chris Marquez were electronically mailed on the 3rd

day of February 2022 to Defendants' attorneys as indicated below:

TO:

Jose Cordero and Chris Marquez
c/o Debra J. Moulton
Kennedy, Moulton & Wells, P.C.
2201 San Pedro NE, Bldg. 3, Suite 200
Albuquerque, New Mexico 87110
(505) 884-7887
dmoulton@kmwpc.com

State of New Mexico, County of Santa Fe

I certify that this is a true and correct copy of a record,
filed on the 3 day of February 202_ in the
possession of the Office of the Clerk of the First Judicial
District Court. Dated this 15 day of June 20 22

Signature of Deputy Court Clerk
First Judicial District

STATE OF NEW MEXICO
NOTARIAL OFFICER
Marquel Gonzales-Aragon
First Judicial District

1

Respectfully submitted by,

ATTORNEYS FOR PLAINTIFF:

/s/ Steven Robert Allen
STEVEN ROBERT ALLEN
NEW MEXICO PRISON & JAIL PROJECT
3800 Osuna Road NE, Ste 2
Albuquerque, NM 87109
(505) 515-0939

ADAM S. BAKER
BAKER LAW OFFICE, LLC
P.O. Box 784
Santa Fe, NM 87504
(505) 690-7466

FILED 1st JUDICIAL DISTRICT COURT
Santa Fe County
3/7/2022 11:05 AM
KATHLEEN VIGIL CLERK OF THE COURT
Johnny Enriquez-Lujan

**STATE OF NEW MEXICO**
**COUNTY OF SANTA FE**
**FIRST JUDICIAL DISTRICT COURT**

**LAWRENCE LAMB,**

    **Plaintiff,**

    **v.**                                                   **Case No. D-101-CV-2021-01382**

**JOSE CORDERO, CHRIS MARQUEZ,**
**and the NEW MEXICO**
**CORRECTIONS DEPARTMENT,**

    **Defendants.**

## CERTIFICATE OF SERVICE

    COME NOW Defendants Jose Cordero and Chris Marquez, by and through counsel of

record, Kennedy, Moulton & Wells, P.C., by Debra J. Moulton and hereby certify that Defendant

Jose Cordero's Answers and Responses to Plaintiff's First Set of Interrogatories and Requests for

Production and Defendant Chris Marquez' Answers and Responses to Plaintiff's First Set of

Interrogatories and Requests for Production along with a copy of this Certificate, were

transmitted via electronic mail to Steven Robert Allen, steve@nmpjp.org and Adam S. Baker,

abaker@bakerlawoffice.net on this 7th day of March, 2022.

State of New Mexico, County of Santa Fe

I certify that this is a true and correct copy of a record,
filed on the ___ day of March 2022, in the
possession of the Office of the Clerk of the First Judicial
District Court. Dated this 15 day of June 20 22.

_Marquel G. Aragon_
Signature of Deputy Court Clerk
First Judicial District

STATE OF NEW MEXICO
NOTARIAL OFFICER
Marquel Gonzales-Aragon
First Judicial District

**KENNEDY, MOULTON & WELLS, P.C.**

_/s/ Debra J. Moulton_
Debra J. Moulton
Attorney for New Mexico Corrections Department,
Chris Marquez and Jose Cordero
2201 San Pedro NE, Bldg. 3, Suite 200
Albuquerque, NM 87110
(505) 884-7887

STATE OF NEW MEXICO
NOTARIAL OFFICER
Marquel Gonzales-Aragon
First Judicial District

FILED 1st JUDICIAL DISTRICT COURT
Santa Fe County
6/6/2022 12:45 PM
KATHLEEN VIGIL CLERK OF THE COURT
Judyn Martinez

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

LAWRENCE LAMB,

      Plaintiff,

v.                                      Case No. D-101-CV-2021-01382

JOSE CORDERO, CHRIS MARQUEZ,
and the NEW MEXICO
CORRECTIONS DEPARTMENT,

      Defendants.

## UNOPPOSED MOTION TO FILE AMENDED COMPLAINT

Pursuant to NMRA Rule 1-015, Plaintiff Lawrence Lamb ("Plaintiff"), by and through

his attorneys of record, Steven Robert Allen (New Mexico Prison & Jail Project) and Adam S.

Baker (Baker Law Office, LLC), respectfully move the Court for leave to file the attached First

Amended Complaint. As grounds for this Motion, Plaintiff states:

1) The Complaint alleges that Plaintiff was injured while he was transported in New

    Mexico Corrections Department transport vans on June 21, 2019.

2) The Complaint asserts a claim against Defendants Jose Cordero, Chris Marquez and

    the New Mexico Corrections Department for negligent operation or maintenance of a

    motor vehicle pursuant to the New Mexico Tort Claims Act, NMSA 1978, § 41-4-1 *et*

    *seq.*

3) Plaintiff seeks to amend his complaint in order to bring a federal claim for violation

    of his constitutional rights against Defendants Cordero and Marquez pursuant to 42

    U.S.C. § 1983, based on essentially the same alleged conduct and occurrences

    underlying Plaintiff's state tort claim.

1

4) Pursuant to Rule 1-007.1(C) NMRA, the amended complaint Plaintiff proposes to file is attached to this motion. (Pl.'s 1st Am Compl., attached as "Exhibit 1") (adding a federal civil rights claim under 42 U.S.C. § 1983 against Defendants Cordero and Marquez).

5) Pursuant to Rule 1-015(A), "a party may amend its pleading only by leave of court or by written consent of the adverse party, and leave shall be freely given when justice requires." An amendment to the pleadings should be allowed unless it would unfairly prejudice the opposing party. *See Krieger v. Wilson Corp.*, 2006-NMCA-034, ¶ 24, 139 N.M. 274, 131 P.3d 661; *Bovee v. State Highway & Transp. Dep't*, 2003-NMCA-025, ¶ 46, 133 N.M. 519, 65 P.3d 254.

6) Although some written discovery has been completed, this matter is still in its early stages and Defendants will not be prejudiced by the proposed amendment.

7) Counsel for Defendants does not oppose this motion.

WHEREFORE Plaintiff respectfully requests that the Court enter an Order granting Plaintiff leave to file the First Amended Complaint attached to this motion.

2

Respectfully submitted,

ATTORNEYS FOR PLAINTIFF:


/s/ Steven Robert Allen
STEVEN ROBERT ALLEN
NEW MEXICO PRISON & JAIL PROJECT
3800 Osuna Road NE, Ste 2
Albuquerque, NM 87109
(505) 515-0939

/s/ Adam S. Baker
ADAM S. BAKER
BAKER LAW OFFICE, LLC
P.O. Box 784
Santa Fe, NM 87504
(505) 690-7466

I hereby certify that a true and correct
copy of the foregoing was sent electronically
and via the Court's electronic filing system to:

DEBRA J. MOULTON
KENNEDY, MOULTON & WELLS, P.C.
*Attorneys for Defendants*
2201 San Pedro NE, Bldg. 3, Suite 200
Albuquerque, NM 87110-4133
dmoulton@kmwpc.com

on this 6th day of June, 2022

/s/ Steven Robert Allen
STEVEN ROBERT ALLEN

State of New Mexico, County of Santa Fe

I certify that this is a true and correct copy of a record,
filed on the 6 day of June 2022, in the
possession of the Office of the Clerk of the First Judicial
District Court. Dated this 5 day of July 2022.

_____
Signature of Deputy Court Clerk
First Judicial District

STATE OF NEW MEXICO
NOTARIAL OFFICER
Marquel Gonzales-Aragon
First Judicial District

3

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

EXHIBIT
1

LAWRENCE LAMB,

     Plaintiff,

v.                      Case No. D-101-CV-2021-01382

JOSE CORDERO, CHRIS MARQUEZ,
and the NEW MEXICO
CORRECTIONS DEPARTMENT,

     Defendants.

## FIRST AMENDED COMPLAINT FOR DEPRIVATION OF CIVIL RIGHTS AND STATE TORT CLAIMS

Plaintiff Lawrence Lamb, through his attorneys of record, the New Mexico Prison & Jail Project (Steven Robert Allen) and Baker Law Office, LLC (Adam S. Baker), hereby brings this complaint for damages caused by the violation of his civil and constitutional rights under 42 U.S.C. § 1983 and for tort claims against the defendants pursuant to the New Mexico Tort Claims Act, NMSA 1978, § 41-4-1 *et seq*. In support of this complaint, Plaintiff alleges as follows:

### I.    JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to NMSA 1978, § 41-4-18(A) (1976).

2. Venue is proper in this district pursuant to § 41-4-18(B).

### II.    PARTIES

3. Plaintiff Lawrence Lamb ("Plaintiff") is a 61-year-old man who was an inmate in the custody and care of Defendant New Mexico Corrections Department ("Defendant NMCD") on the

dates identified in this complaint. Plaintiff exhausted remedies available to him through Defendant NMCD's internal grievance procedure prior to filing this complaint.

4.  Defendant Jose Cordero was employed as a correctional officer by Defendant NMCD on the relevant date identified in this complaint.

5.  Defendant Chris Marquez was employed as a correctional officer by Defendant NMCD on the relevant date identified in this complaint.

6.  At all times material to this complaint, Defendants Cordero and Marquez were public employees acting within the scope of their duties as correctional officers.

### III.    FACTS

7.  On June 21, 2019, Defendants Cordero and Marquez loaded Plaintiff and seven (7) other inmates into a transport van at the Central New Mexico Correctional Facility ("CNMCF") in Los Lunas, New Mexico.

8.  The transport van was scheduled to take Plaintiff and the other inmates approximately 300 miles to the Northeast New Mexico Correctional Facility ("NENMCF") in Clayton, New Mexico.

9.  The transport van was not scheduled to make any stops between CNMCF and NENMCF.

10. Defendant Marquez was driving the transport van when it left CNMCF that day, and Defendant Cordero served as his escort.

11. Plaintiff and the other inmates were handcuffed and shackled aboard the transport van such that their movement inside the van was greatly restricted.

12. Plaintiff was seated in the transport van beside another inmate on a seat above the rear passenger-side tire.

2

13.    Defendant Marquez drove the van at an excessive rate of speed, as fast as 90 miles per hour, on its way to NENMCF.

14.    As the van was travelling northbound on I-25 near Rowe, New Mexico, the rear passenger-side tire blew out ripping a hole directly beneath Plaintiff in the van's plywood floor and spraying large quantities of debris into the passenger compartment.

15.    Plaintiff was struck in the leg by a metal object that flew upward out of the ruptured floor.

16.    Other inmates were struck by wooden particles that showered the back of the transport van, and the hole in the floor began to grow bigger.

17.    The sound of the transport van's blown-out tire along with the debris flying around the passenger compartment made a noise so loud that Plaintiff initially thought somebody was shooting a firearm at the van.

18.    The inmates yelled to Defendants Cordero and Marquez to stop the van and banged on the metal cage that separated the inmates from the correctional officers.

19.    Defendants Cordero and Marquez ignored the inmates' pleas, and Defendant Marquez kept driving.

20.    The pavement of the road below became visible to some of the inmates through the floor and the van lurched due to the blown-out tire.

21.    Defendant Marquez was finally forced to pull the van over to the side of the road as a result of the blowout.

22.    Once the van came to rest, Plaintiff and a couple other inmates alerted Defendants Cordero and Marquez that they had been injured by the debris coming up from the floor of the transport van.

23. Defendants Cordero and Marquez responded sarcastically to the inmates and otherwise ignored their complaints.

24. Defendant Marquez or Defendant Cordero turned off the van, which quickly became hot inside. Only after the inmates complained about the heat did Defendant Marquez or Defendant Cordero re-start the van and turn on the air conditioning.

25. Approximately 40 minutes later, New Mexico State Police officers arrived at the scene.

26. More than one (1) hour after the transport van pulled over to the side of the highway, a team of correctional officers from the Penitentiary of New Mexico in Santa Fe, New Mexico, ("PNM"), arrived to provide additional security.

27. More than two (2) hours after the transport van pulled over to the side of the highway, CNMCF Garage Specialist Philip Romero arrived in NMCD van #4750 with a spare tire for the transport van.

28. Defendant Marquez and Defendant Cordero left all the inmates aboard the original transport van for more than two (2) hours as they waited on the side of the highway, which was warm inside even with the air conditioning running.

29. Mr. Romero asked Defendant Marquez if he was speeding and suggested that speeding may have caused the tire to blowout.

30. Defendants Cordero and Marquez decided to transport the inmates back to CNMCF using van #4750 even though Mr. Romero told them that the air conditioning on van #4750 did not work.

31. The interior of the back of van #4750 consisted of a metal box/insert lined with narrow metal benches for the inmates to sit on.

4

32. Initially, there were no open windows or other means of ventilation in the back of van #4750.

33. Once they were loaded into van #4750, Plaintiff and the other inmates quickly became overheated and began to protest as they sat on the side of the highway.

34. During this entire time on the side of the highway, neither Plaintiff nor any of the other inmates were provided with anything to drink.

35. After leaving for the return to CNMCF in van #4750, the inmates immediately became even more unbearably hot and they began to beg Defendants Cordero and Marquez for help.

36. Plaintiff could see that the air conditioning ducts that attach to the vents in the inmate section of the van were not even attached.

37. Defendants Cordero and Marquez refused to stop, and otherwise ignored the inmates' pleas for help.

38. Minutes into the ride, the interior walls of the metal box/insert began to drip with condensation from the inmates' sweat.

39. Plaintiff felt hotter than he had ever been in his life, and he quickly became so dehydrated that he stopped sweating.

40. Several of the inmates looked like they were about to collapse and some, including Plaintiff, began to have trouble breathing.

41. Plaintiff became terrified that he might die.

42. As the inmates' pleas for help grew more desperate, Defendants Cordero and Marquez continued to ignore them.

43. After traveling for about 45 minutes in van #4750, they made a stop at PNM.

5

44. When they got to PNM, the inmates were weak, drenched in sweat and dehydrated.

45. Plaintiff and the other inmates were seen by medical personnel at PNM and then placed in holding cells.

46. After a short time in the holding cells, the inmates were loaded back into van #4750 to complete the return trip to CNMCF.

47. Plaintiff and the other inmates were terrified to be placed back into van #4750 given the unbearable and dangerous conditions to which they had been subjected on the ride back to PNM.

48. To ensure the inmates got back into the same van, Defendants Cordero and Marquez assured the inmates they had repaired the air conditioning in the van.

49. In fact, the air conditioning had been improperly repaired by using tape in an attempt to reattach the air conditioning ducts to the vents in the inmate section of the van.

50. Defendants Cordero and Marquez stopped the van once more before leaving the grounds of PNM in order to try reattaching the ducts again, but the air conditioning only blew hot air on the inmates.

51. Despite their knowledge that the air conditioning on van #4750 was not working at all and that the inmates may suffer serious injury or death by riding in the hot van all the way back to CNMCF, Defendants Cordero and Marquez ignored this threat to the inmates' health and safety and departed for CNMCF in transport van 4750.

52. Plaintiff and the other inmates continued to plea for help.

53. They banged loudly on the walls of the van to let Defendants Cordero and Marquez know the conditions were intolerable and dangerous.

54. Defendants Cordero and Marquez again ignored all of the inmates' pleas.

55. Again, the interior walls of the metal box/insert began to drip with condensation from the inmates' sweat and the inmates' paper jumpsuits became almost transparent and stuck to their bodies from their sweat.

56. For a second time that day, Plaintiff thought he might die from the extreme heat and several inmates looked like they were about to collapse.

57. One of the inmates threw up in the van, and another became apparently unconscious and fell to the floor of the van.

58. The inmates were also jostled and thrown about the back of the van due to Defendant Marquez's erratic and excessively fast driving.

59. Defendants Cordero and Marquez continued the trip to CNMCF without stopping to check on Plaintiff and the other inmates.

60. When they finally arrived at CNMCF, Plaintiff received a medical assessment during which it was determined that he was severely dehydrated and required further medical treatment.

61. Plaintiff was placed in a medical holding cell at CNMCF that had no sink, where for three (3) days he had no access to drinking water other than what he was provided with regular meals.

62. During this time, he continued to suffer from headaches and other physical symptoms from the ordeal.

63. Plaintiff was then placed into a segregation cell until he was transported to Lea County Correctional Facility in Hobbs, New Mexico, on or about June 28, 2019.

7

## COUNT I: VIOLATION OF EIGHTH AMENDMENT RIGHT TO BE
## FREE FROM CRUEL AND UNUSUAL PUNISHMENT AGAINST
## DEFENDANTS MARQUEZ AND CORDERO

64. Plaintiff restates each of the preceding allegations as it fully stated herein.

65. Defendant Marquez knew that speeding down a major interstate in a transport van created a
    substantial risk of serious harm to Plaintiff and the seven other inmates in the van.

66. Despite this risk, Defendant Marquez intentionally drove at an excessive and unsafe rate of
    speed, which caused Plaintiff and the other inmates in the van to bounce and be thrown
    around in their seats.

67. As a result of Defendant Marquez's actions, the rear passenger-side tire blew out and then
    tore through the van's floor as Defendant Marquez continued to drive on the highway.
    Plaintiff and several other inmates were struck by debris flying up from the hole in the
    floor of the van.

68. Plaintiff and the other inmates desperately tried to alert Defendants Marquez and Cordero
    that they needed to stop the van, but Defendants Marquez and Cordero ignored them.

69. The manner in which Defendants Marquez and Cordero operated the transport van was
    deliberately indifferent to the safety and well-being of Plaintiff and the other inmates aboard
    the van.

70. After the van finally did stop, Defendants Marquez and Cordero left Plaintiff and the other
    inmates in stifling heat inside the van for over two (2) hours without adequate ventilation or
    air-conditioning.

71. Defendants Marquez and Cordero then moved Plaintiff and the other inmates to a second
    transport van, which had a non-functioning air-conditioning system.

8

72. Defendants Marquez and Cordero knew the second transport van had a non-functioning air-conditioning system when they placed Plaintiff and the other inmates in it.

73. It is common knowledge that it is dangerous to leave any person or animal in a vehicle during New Mexico summers for any amount of time without air-conditioning or fresh air.

74. Defendants Marquez and Cordero acted with deliberate indifference to a substantial risk of serious harm to Plaintiff and the other inmates by confining them inside the first and second transport vans on the side of the highway under the summer sun without adequate ventilation or air-conditioning.

75. After leaving the side of the highway, Plaintiff and the other inmates continued growing hotter by the minute, but Defendants Marquez and Cordero ignored their condition in the back of the van and did not provide them with water or fresh air.

76. Defendants Marquez and Cordero could hear the inmates yell and beg for help but they consciously ignored them.

77. After Plaintiff and his fellow inmates arrived at PNM and were evaluated by medical staff, the inmates refused to get back into the van without air-conditioning.

78. Defendants Marquez and Cordero deliberately deceived Plaintiff and the other inmates to convince them to get back inside the hot van.

79. Defendants Marquez and Cordero refused to pull over in response to the inmates' pleas and requests for water and fresh air throughout the ride.

80. Defendants Marquez and Cordero drowned out Plaintiff and the other inmates' pleas by turning up their music in the van to intentionally ignore them for at least the third time that day.

9

81.  In 2013, Isaha Casias and several other inmates were trapped for hours in a van almost identical to the one Plaintiff and his fellow inmates found themselves in on this hot New Mexico summer day.

82.  Like Plaintiff, Mr. Casias and multiple inmates were left in a transport van in mid-summer.

83.  Mr. Casias and other inmates suffered serious injuries as a result of this incident.

84.  On April 4, 2019, less than three (3) months before Plaintiff's transport by Defendants Marquez and Cordero, a jury reached a verdict in favor of Mr. Casias in which it found the transport officers in that case had violated Mr. Casias' constitutional rights.

85.  The jury awarded Mr. Casias $1,000,000 in compensatory damages and $1,000,000 in punitive damages against the defendants in the case.

86.  This case was widely reported in local and national television news outlets, including the *Albuquerque Journal*, the *Santa Fe New Mexican*, the *Washington Times*, and KOAT Action 7 News.

87.  Despite this recent and widely-publicized incident involving a DOC prisoner transport, Defendants Marquez and Cordero confined Plaintiff and the other inmates inside the back of a van with no air-conditioning on a hot summer day.

88.  Defendants Marquez and Cordero acted with deliberate indifference to a substantial risk of serious harm to Plaintiff and the other inmates on board the transport vans they operated that day.

89.  Defendants Marquez and Cordero, acting under color of state law, thus violated Plaintiff's rights under the Eighth Amendment to the United States Constitution.

90. The actions and omissions of Defendant Cordero and Marquez were intentional, malicious, sadistic, willful, wanton, obdurate and in gross and reckless disregard of Plaintiff's constitutional rights.

91. As a direct and proximate result of Defendants' actions and omissions, Plaintiff suffered physical and psychological injuries, pain and emotional distress for which he is entitled to an award of damages.

WHEREFORE, Plaintiff requests compensatory and punitive damages against Defendant Chris Marquez and Defendant Jose Cordero, together with an award of attorney's fees and costs as allowed by law.

## COUNT II: NEGLIGENT OPERATION OR MAINTENANCE OF A MOTOR VEHICLE AGAINST ALL DEFENDANTS

92. Plaintiff restates each of the allegations set forth in paragraphs 1 through 62, above, as though fully stated herein.

93. Defendants owed Plaintiff a duty to protect his health and safety in their operation and maintenance of the motor vehicles used to transport inmates such as Plaintiff.

94. Defendants breached this duty as set forth above, *inter alia*, by driving at an excessive rate of speed, failing to properly maintain the transport vans in which Plaintiff was transported, and failing to take reasonable steps in the operation of the transport vans to protect Plaintiff's health and safety on the date at issue.

95. As a direct and proximate result of Defendants' negligent conduct alleged herein, Plaintiff suffered physical and psychological injuries, pain and emotional distress for which he is entitled to an award of damages.

11

96.  The negligent conduct alleged herein constitutes negligent operation or maintenance of a motor vehicle for which governmental immunity is waived pursuant to NMSA 1978, § 41-4-5 (1976).

97.  Defendant NMCD is vicariously liable under the doctrine of *respondeat superior* for any and all such negligence of its employees, including but not limited to Defendants Cordero and Marquez, committed within the course and scope of their duties as public employees.

WHEREFORE, Plaintiff requests compensatory and punitive damages against all Defendants, together with an award of attorney's fees and costs as allowed by law.

## JURY DEMAND

98.  Plaintiff hereby demands a trial by jury on all counts so triable.

Respectfully submitted,

ATTORNEYS FOR PLAINTIFF:

*/s/ Steven Robert Allen*
STEVEN ROBERT ALLEN
NEW MEXICO PRISON & JAIL PROJECT
3800 Osuna Road NE, Ste 2
Albuquerque, NM 87109
(505) 515-0939

*/s/ Adam S. Baker*
ADAM S. BAKER
BAKER LAW OFFICE, LLC
P.O. Box 784
Santa Fe, NM 87504
(505) 690-7466

12

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

FILED 1st JUDICIAL DISTRICT COURT
Santa Fe County
6/6/2022 3:41 PM
KATHLEEN VIGIL CLERK OF THE COURT
Johnny Enriquez-Lujan

LAWRENCE LAMB,

    Plaintiff,

v.                                                          Case No. D-101-CV-2021-01382

JOSE CORDERO, CHRIS MARQUEZ,
and the NEW MEXICO
CORRECTIONS DEPARTMENT,

    Defendants.

## ORDER GRANTING MOTION TO FILE AMENDED COMPLAINT

THIS MATTER came before the Court on Plaintiff's Unopposed Motion to File Amended

Complaint. The Motion is granted.

State of New Mexico, County of Santa Fe

I certify that this is a true and correct copy of a record,
filed on the 6 day of June 2022, in the
possession of the Office of the Clerk of the First Judicial
District Court. Dated this 15 day of June 2022.

_____
Signature of Deputy Court Clerk
First Judicial District

STATE OF NEW MEXICO
NOTARIAL OFFICER
Marquel Gonzales-Aragon
First Judicial District

So Ordered:

_____          6/6/2022
Matthew Justin Wilson
District Court Judge

## CERTIFICATE OF MAILING

I, the undersigned, certify that a copy of the foregoing was served on the parties listed
below via e-file and serve on the date the foregoing was accepted for filing by the Clerk's Office.

    Steven Robert Allen, Esq.
    Adam S. Baker, Esq.
    Attorneys for Plaintiff
    Via e-file and serve

    Debra Moulton, Esq.
    Attorney for Defendants
    Via e-file and serve

_Jessica Vigil_
TCAA

1

FILED  1st JUDICIAL DISTRICT COURT
Santa Fe County
6/9/2022 12:34 PM
KATHLEEN VIGIL CLERK OF THE COURT
Judyn Martinez

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

LAWRENCE LAMB,

   Plaintiff,

v.         Case No. D-101-CV-2021-01382

JOSE CORDERO, CHRIS MARQUEZ,
and the NEW MEXICO
CORRECTIONS DEPARTMENT,

   Defendants.

## FIRST AMENDED COMPLAINT FOR DEPRIVATION OF CIVIL RIGHTS AND STATE TORT CLAIMS

Plaintiff Lawrence Lamb, through his attorneys of record, the New Mexico Prison & Jail Project (Steven Robert Allen) and Baker Law Office, LLC (Adam S. Baker), hereby brings this complaint for damages caused by the violation of his civil and constitutional rights under 42 U.S.C. § 1983 and for tort claims against the defendants pursuant to the New Mexico Tort Claims Act, NMSA 1978, § 41-4-1 *et seq.*  In support of this complaint, Plaintiff alleges as follows:

### I.  JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to NMSA 1978, § 41-4-18(A) (1976).

2. Venue is proper in this district pursuant to § 41-4-18(B).

### II.  PARTIES

3. Plaintiff Lawrence Lamb ("Plaintiff") is a 61-year-old man who was an inmate in the custody and care of Defendant New Mexico Corrections Department ("Defendant NMCD") on the

dates identified in this complaint. Plaintiff exhausted remedies available to him through Defendant NMCD's internal grievance procedure prior to filing this complaint.

4. Defendant Jose Cordero was employed as a correctional officer by Defendant NMCD on the relevant date identified in this complaint.

5. Defendant Chris Marquez was employed as a correctional officer by Defendant NMCD on the relevant date identified in this complaint.

6. At all times material to this complaint, Defendants Cordero and Marquez were public employees acting within the scope of their duties as correctional officers.

### III.    FACTS

7. On June 21, 2019, Defendants Cordero and Marquez loaded Plaintiff and seven (7) other inmates into a transport van at the Central New Mexico Correctional Facility ("CNMCF") in Los Lunas, New Mexico.

8. The transport van was scheduled to take Plaintiff and the other inmates approximately 300 miles to the Northeast New Mexico Correctional Facility ("NENMCF") in Clayton, New Mexico.

9. The transport van was not scheduled to make any stops between CNMCF and NENMCF.

10. Defendant Marquez was driving the transport van when it left CNMCF that day, and Defendant Cordero served as his escort.

11. Plaintiff and the other inmates were handcuffed and shackled aboard the transport van such that their movement inside the van was greatly restricted.

12. Plaintiff was seated in the transport van beside another inmate on a seat above the rear passenger-side tire.

13. Defendant Marquez drove the van at an excessive rate of speed, as fast as 90 miles per hour, on its way to NENMCF.

14. As the van was travelling northbound on I-25 near Rowe, New Mexico, the rear passenger-side tire blew out ripping a hole directly beneath Plaintiff in the van's plywood floor and spraying large quantities of debris into the passenger compartment.

15. Plaintiff was struck in the leg by a metal object that flew upward out of the ruptured floor.

16. Other inmates were struck by wooden particles that showered the back of the transport van, and the hole in the floor began to grow bigger.

17. The sound of the transport van's blown-out tire along with the debris flying around the passenger compartment made a noise so loud that Plaintiff initially thought somebody was shooting a firearm at the van.

18. The inmates yelled to Defendants Cordero and Marquez to stop the van and banged on the metal cage that separated the inmates from the correctional officers.

19. Defendants Cordero and Marquez ignored the inmates' pleas, and Defendant Marquez kept driving.

20. The pavement of the road below became visible to some of the inmates through the floor and the van lurched due to the blown-out tire.

21. Defendant Marquez was finally forced to pull the van over to the side of the road as a result of the blowout.

22. Once the van came to rest, Plaintiff and a couple other inmates alerted Defendants Cordero and Marquez that they had been injured by the debris coming up from the floor of the transport van.

3

23. Defendants Cordero and Marquez responded sarcastically to the inmates and otherwise ignored their complaints.

24. Defendant Marquez or Defendant Cordero turned off the van, which quickly became hot inside. Only after the inmates complained about the heat did Defendant Marquez or Defendant Cordero re-start the van and turn on the air conditioning.

25. Approximately 40 minutes later, New Mexico State Police officers arrived at the scene.

26. More than one (1) hour after the transport van pulled over to the side of the highway, a team of correctional officers from the Penitentiary of New Mexico in Santa Fe, New Mexico, ("PNM"), arrived to provide additional security.

27. More than two (2) hours after the transport van pulled over to the side of the highway, CNMCF Garage Specialist Philip Romero arrived in NMCD van #4750 with a spare tire for the transport van.

28. Defendant Marquez and Defendant Cordero left all the inmates aboard the original transport van for more than two (2) hours as they waited on the side of the highway, which was warm inside even with the air conditioning running.

29. Mr. Romero asked Defendant Marquez if he was speeding and suggested that speeding may have caused the tire to blowout.

30. Defendants Cordero and Marquez decided to transport the inmates back to CNMCF using van #4750 even though Mr. Romero told them that the air conditioning on van #4750 did not work.

31. The interior of the back of van #4750 consisted of a metal box/insert lined with narrow metal benches for the inmates to sit on.

4

32. Initially, there were no open windows or other means of ventilation in the back of van #4750.

33. Once they were loaded into van #4750, Plaintiff and the other inmates quickly became overheated and began to protest as they sat on the side of the highway.

34. During this entire time on the side of the highway, neither Plaintiff nor any of the other inmates were provided with anything to drink.

35. After leaving for the return to CNMCF in van #4750, the inmates immediately became even more unbearably hot and they began to beg Defendants Cordero and Marquez for help.

36. Plaintiff could see that the air conditioning ducts that attach to the vents in the inmate section of the van were not even attached.

37. Defendants Cordero and Marquez refused to stop, and otherwise ignored the inmates' pleas for help.

38. Minutes into the ride, the interior walls of the metal box/insert began to drip with condensation from the inmates' sweat.

39. Plaintiff felt hotter than he had ever been in his life, and he quickly became so dehydrated that he stopped sweating.

40. Several of the inmates looked like they were about to collapse and some, including Plaintiff, began to have trouble breathing.

41. Plaintiff became terrified that he might die.

42. As the inmates' pleas for help grew more desperate, Defendants Cordero and Marquez continued to ignore them.

43. After traveling for about 45 minutes in van #4750, they made a stop at PNM.

5

44. When they got to PNM, the inmates were weak, drenched in sweat and dehydrated.

45. Plaintiff and the other inmates were seen by medical personnel at PNM and then placed in holding cells.

46. After a short time in the holding cells, the inmates were loaded back into van #4750 to complete the return trip to CNMCF.

47. Plaintiff and the other inmates were terrified to be placed back into van #4750 given the unbearable and dangerous conditions to which they had been subjected on the ride back to PNM.

48. To ensure the inmates got back into the same van, Defendants Cordero and Marquez assured the inmates they had repaired the air conditioning in the van.

49. In fact, the air conditioning had been improperly repaired by using tape in an attempt to reattach the air conditioning ducts to the vents in the inmate section of the van.

50. Defendants Cordero and Marquez stopped the van once more before leaving the grounds of PNM in order to try reattaching the ducts again, but the air conditioning only blew hot air on the inmates.

51. Despite their knowledge that the air conditioning on van #4750 was not working at all and that the inmates may suffer serious injury or death by riding in the hot van all the way back to CNMCF, Defendants Cordero and Marquez ignored this threat to the inmates' health and safety and departed for CNMCF in transport van 4750.

52. Plaintiff and the other inmates continued to plea for help.

53. They banged loudly on the walls of the van to let Defendants Cordero and Marquez know the conditions were intolerable and dangerous.

54. Defendants Cordero and Marquez again ignored all of the inmates' pleas.

55.   Again, the interior walls of the metal box/insert began to drip with condensation from the inmates' sweat and the inmates' paper jumpsuits became almost transparent and stuck to their bodies from their sweat.

56.   For a second time that day, Plaintiff thought he might die from the extreme heat and several inmates looked like they were about to collapse.

57.   One of the inmates threw up in the van, and another became apparently unconscious and fell to the floor of the van.

58.   The inmates were also jostled and thrown about the back of the van due to Defendant Marquez's erratic and excessively fast driving.

59.   Defendants Cordero and Marquez continued the trip to CNMCF without stopping to check on Plaintiff and the other inmates.

60.   When they finally arrived at CNMCF, Plaintiff received a medical assessment during which it was determined that he was severely dehydrated and required further medical treatment.

61.   Plaintiff was placed in a medical holding cell at CNMCF that had no sink, where for three (3) days he had no access to drinking water other than what he was provided with regular meals.

62.   During this time, he continued to suffer from headaches and other physical symptoms from the ordeal.

63.   Plaintiff was then placed into a segregation cell until he was transported to Lea County Correctional Facility in Hobbs, New Mexico, on or about June 28, 2019.

7

## COUNT I: VIOLATION OF EIGHTH AMENDMENT RIGHT TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT AGAINST DEFENDANTS MARQUEZ AND CORDERO

64.  Plaintiff restates each of the preceding allegations as it fully stated herein.

65.  Defendant Marquez knew that speeding down a major interstate in a transport van created a substantial risk of serious harm to Plaintiff and the seven other inmates in the van.

66.  Despite this risk, Defendant Marquez intentionally drove at an excessive and unsafe rate of speed, which caused Plaintiff and the other inmates in the van to bounce and be thrown around in their seats.

67.  As a result of Defendant Marquez's actions, the rear passenger-side tire blew out and then tore through the van's floor as Defendant Marquez continued to drive on the highway. Plaintiff and several other inmates were struck by debris flying up from the hole in the floor of the van.

68.  Plaintiff and the other inmates desperately tried to alert Defendants Marquez and Cordero that they needed to stop the van, but Defendants Marquez and Cordero ignored them.

69.  The manner in which Defendants Marquez and Cordero operated the transport van was deliberately indifferent to the safety and well-being of Plaintiff and the other inmates aboard the van.

70.  After the van finally did stop, Defendants Marquez and Cordero left Plaintiff and the other inmates in stifling heat inside the van for over two (2) hours without adequate ventilation or air-conditioning.

71.  Defendants Marquez and Cordero then moved Plaintiff and the other inmates to a second transport van, which had a non-functioning air-conditioning system.

72. Defendants Marquez and Cordero knew the second transport van had a non-functioning air-conditioning system when they placed Plaintiff and the other inmates in it.

73. It is common knowledge that it is dangerous to leave any person or animal in a vehicle during New Mexico summers for any amount of time without air-conditioning or fresh air.

74. Defendants Marquez and Cordero acted with deliberate indifference to a substantial risk of serious harm to Plaintiff and the other inmates by confining them inside the first and second transport vans on the side of the highway under the summer sun without adequate ventilation or air-conditioning.

75. After leaving the side of the highway, Plaintiff and the other inmates continued growing hotter by the minute, but Defendants Marquez and Cordero ignored their condition in the back of the van and did not provide them with water or fresh air.

76. Defendants Marquez and Cordero could hear the inmates yell and beg for help but they consciously ignored them.

77. After Plaintiff and his fellow inmates arrived at PNM and were evaluated by medical staff, the inmates refused to get back into the van without air-conditioning.

78. Defendants Marquez and Cordero deliberately deceived Plaintiff and the other inmates to convince them to get back inside the hot van.

79. Defendants Marquez and Cordero refused to pull over in response to the inmates' pleas and requests for water and fresh air throughout the ride.

80. Defendants Marquez and Cordero drowned out Plaintiff and the other inmates' pleas by turning up their music in the van to intentionally ignore them for at least the third time that day.

81. In 2013, Isaha Casias and several other inmates were trapped for hours in a van almost identical to the one Plaintiff and his fellow inmates found themselves in on this hot New Mexico summer day.

82. Like Plaintiff, Mr. Casias and multiple inmates were left in a transport van in mid-summer.

83. Mr. Casias and other inmates suffered serious injuries as a result of this incident.

84. On April 4, 2019, less than three (3) months before Plaintiff's transport by Defendants Marquez and Cordero, a jury reached a verdict in favor of Mr. Casias in which it found the transport officers in that case had violated Mr. Casias' constitutional rights.

85. The jury awarded Mr. Casias $1,000,000 in compensatory damages and $1,000,000 in punitive damages against the defendants in the case.

86. This case was widely reported in local and national television news outlets, including the *Albuquerque Journal*, the *Santa Fe New Mexican*, the *Washington Times*, and KOAT Action 7 News.

87. Despite this recent and widely-publicized incident involving a DOC prisoner transport, Defendants Marquez and Cordero confined Plaintiff and the other inmates inside the back of a van with no air-conditioning on a hot summer day.

88. Defendants Marquez and Cordero acted with deliberate indifference to a substantial risk of serious harm to Plaintiff and the other inmates on board the transport vans they operated that day.

89. Defendants Marquez and Cordero, acting under color of state law, thus violated Plaintiff's rights under the Eighth Amendment to the United States Constitution.

90. The actions and omissions of Defendant Cordero and Marquez were intentional, malicious, sadistic, willful, wanton, obdurate and in gross and reckless disregard of Plaintiff's constitutional rights.

91. As a direct and proximate result of Defendants' actions and omissions, Plaintiff suffered physical and psychological injuries, pain and emotional distress for which he is entitled to an award of damages.

WHEREFORE, Plaintiff requests compensatory and punitive damages against Defendant Chris Marquez and Defendant Jose Cordero, together with an award of attorney's fees and costs as allowed by law.

## COUNT II: NEGLIGENT OPERATION OR MAINTENANCE OF A MOTOR VEHICLE AGAINST ALL DEFENDANTS

92. Plaintiff restates each of the allegations set forth in paragraphs 1 through 62, above, as though fully stated herein.

93. Defendants owed Plaintiff a duty to protect his health and safety in their operation and maintenance of the motor vehicles used to transport inmates such as Plaintiff.

94. Defendants breached this duty as set forth above, *inter alia*, by driving at an excessive rate of speed, failing to properly maintain the transport vans in which Plaintiff was transported, and failing to take reasonable steps in the operation of the transport vans to protect Plaintiff's health and safety on the date at issue.

95. As a direct and proximate result of Defendants' negligent conduct alleged herein, Plaintiff suffered physical and psychological injuries, pain and emotional distress for which he is entitled to an award of damages.

11

96.  The negligent conduct alleged herein constitutes negligent operation or maintenance of a

motor vehicle for which governmental immunity is waived pursuant to NMSA 1978, § 41-

4-5 (1976).

97.  Defendant NMCD is vicariously liable under the doctrine of *respondeat superior* for any and

all such negligence of its employees, including but not limited to Defendants Cordero and

Marquez, committed within the course and scope of their duties as public employees.

WHEREFORE, Plaintiff requests compensatory and punitive damages against all Defendants,

together with an award of attorney's fees and costs as allowed by law.

### JURY DEMAND

98.  Plaintiff hereby demands a trial by jury on all counts so triable.

Respectfully submitted,

ATTORNEYS FOR PLAINTIFF:


*/s/ Steven Robert Allen*
STEVEN ROBERT ALLEN
NEW MEXICO PRISON & JAIL PROJECT
3800 Osuna Road NE, Ste 2
Albuquerque, NM 87109
(505) 515-0939

*/s/ Adam S. Baker*
ADAM S. BAKER
BAKER LAW OFFICE, LLC
P.O. Box 784
Santa Fe, NM 87504
(505) 690-4DistNew Mexico. County of Sunfut

I certify that this is a true and correct copy of a record.
filed on the ____ day of _____ 2022, in the
possession of the Office of the Clerk of the First Judicial
District Court. Dated this 15 day of June 20 22.

Signature of Deputy Court Clerk
First Judicial District

STATE OF NEW MEXICO
NOTARIAL OFFICER
Marquel Gonzales-Aragon
First Judicial District

12

## SUMMONS

| | |
|---|---|
| District Court: First Judicial District Court<br>Santa Fe County, New Mexico | Case Number: D-101-CV-2021-01382 |
| Court Address: 225 Montezuma Ave., Santa Fe, NM 87501 | Judge: Wilson, Matthew Justin |
| Court Telephone Number.: (505) 455-8250 | |
| Plaintiff(s): Lawrence Lamb | Defendant: |
| v. | Name: New Mexico Department of Corrections |
| Defendant(s): Jose Cordero, Chris Marquez and the New Mexico Department of Corrections | Address: 4337 NM 14, Santa Fe, NM 87508 |

### TO THE ABOVE-NAMED DEFENDANT(S): Take notice that

1. A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.
2. You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.
3. You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.
4. If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.
5. You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.
6. If you need an interpreter, you must ask for one in writing.
7. You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6227; or 1-505-797-6066.

Attorneys for Plaintiff:

| | |
|---|---|
| Name:   Steven Robert Allen, NM Prison & Jail Project<br>Address: 3800 Osuna Road NE, Ste 2<br>         Albuquerque, NM 87109<br>Tel. No.: (505) 515-0939<br>Fax NO.: (505) 596-0205<br>Email:    steve@nmpjp.org | Name:   Adam S. Baker, Baker Law Office, LLC<br>Address: P.O. Box 784<br>         Santa Fe, NM 87504<br>Tel. No.: (505) 690-7466<br>Fax: No.: (505) 227-8635<br>Email:    abaker@bakerlawoffice.net |

Dated at _____ Santa Fe _____, New Mexico, this _21_ day of ___ June _____, 2021.

Kathleen Vigil
CLERK OF COURT

By: Deputy

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 NMRA OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

**RETURN**

STATE OF NEW MEXICO                           )

                                              )ss.

COUNTY OF.....................................................   )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _____ county on the ___ day of _____, _____, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

(*check one box and fill in appropriate blanks*)

[   ] to the defendant _____ (*used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint*)

[   ] to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[   ] to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, (*used when the defendant is not presently at place of abode*) and by mailing by first class mail to the defendant at _____ (*insert defendant's last known mailing address*) a copy of the summons and complaint.

[   ] to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ (*insert defendant's business address*) and by mailing the summons and complaint by first class mail to the defendant at _____ (*insert defendant's last known mailing address*).

[   ] to _____, an agent authorized to receive service of process for defendant _____.

[   ] to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an incompetent person*).

[   ] to _____ (*name of person*), _____, (*title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees: _____

_____
Signature of person making service

_____
Title (*if any*)

Subscribed and sworn to before me this ___ day of _____, ___.

_____
Judge, notary or other officer
authorized to administer oaths

_____
Official title

## SUMMONS

| | |
|---|---|
| District Court: First Judicial District Court<br>Santa Fe County, New Mexico | Case Number: D-101-CV-2021-01382 |
| Court Address: 225 Montezuma Ave., Santa Fe,<br>NM 87501 | Judge: Wilson, Matthew Justin |
| Court Telephone Number.: (505) 455-8250 | |
| Plaintiff(s): Lawrence Lamb | Defendant: |
| v. | Name: Jose Cordero |
| Defendant(s): Jose Cordero, Chris Marquez and<br>the New Mexico Department of Corrections | Address: |

### TO THE ABOVE-NAMED DEFENDANT(S): Take notice that

1. A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.
2. You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.
3. You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.
4. If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.
5. You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.
6. If you need an interpreter, you must ask for one in writing.
7. You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6227; or 1-505-797-6066.

Attorneys for Plaintiff:

| | |
|---|---|
| Name:   Steven Robert Allen, NM Prison & Jail Project<br>Address: 3800 Osuna Road NE, Ste 2<br>        Albuquerque, NM 87109<br>Tel. No.: (505) 515-0939<br>Fax NO.: (505) 596-0205<br>Email:   steve@nmpjp.org | Name:   Adam S. Baker, Baker Law Office, LLC<br>Address: P.O. Box 784<br>        Santa Fe, NM 87504<br>Tel. No.: (505) 690-7466<br>Fax: No.: (505) 227-8635<br>Email:   abaker@bakerlawoffice.net |

Dated at _____ Santa Fe _____, New Mexico, this 21 day of _____ June _____, 2021.

Kathleen Vigil
CLERK OF COURT

*Maurees Naranjo*

By: Deputy

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 NMRA OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

**RETURN**

| STATE OF NEW MEXICO | ) |
| | )ss. |
| COUNTY OF......................................................... | ) |

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _____ county on the ____ day of _____, _____, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

*(check one box and fill in appropriate blanks)*

[　] to the defendant _____ *(used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint)*

[　] to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA *(used when service is by mail or commercial courier service)*.

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[　] to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, *(used when the defendant is not presently at place of abode)* and by mailing by first class mail to the defendant at _____ *(insert defendant's last known mailing address)* a copy of the summons and complaint.

[　] to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ *(insert defendant's business address)* and by mailing the summons and complaint by first class mail to the defendant at _____ *(insert defendant's last known mailing address)*.

[　] to _____, an agent authorized to receive service of process for defendant _____.

[　] to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ *(used when defendant is a minor or an incompetent person)*.

[　] to _____ *(name of person)*, _____, *(title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision)*.

Fees: _____

_____
Signature of person making service

_____
Title *(if any)*

Subscribed and sworn to before me this ___ day of _____, ___.

_____
Judge, notary or other officer
authorized to administer oaths

_____
Official title

## SUMMONS

| | |
|---|---|
| District Court: First Judicial District Court<br>Santa Fe County, New Mexico | Case Number: D-101-CV-2021-01382 |
| Court Address: 225 Montezuma Ave., Santa Fe,<br>NM 87501 | Judge: Wilson, Matthew Justin |
| Court Telephone Number.: (505) 455-8250 | |
| Plaintiff(s): Lawrence Lamb | Defendant: |
| v. | Name: Chris Marquez |
| Defendant(s): Jose Cordero, Chris Marquez and<br>the New Mexico Department of Corrections | Address: |

### TO THE ABOVE-NAMED DEFENDANT(S): Take notice that

1. A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.
2. You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.
3. You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.
4. If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.
5. You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.
6. If you need an interpreter, you must ask for one in writing.
7. You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6227; or 1-505-797-6066.

Attorneys for Plaintiff:

| | |
|---|---|
| Name:  Steven Robert Allen, NM Prison & Jail Project | Name:  Adam S. Baker, Baker Law Office, LLC |
| Address: 3800 Osuna Road NE, Ste 2<br>Albuquerque, NM 87109 | Address: P.O. Box 784<br>Santa Fe, NM 87504 |
| Tel. No.: (505) 515-0939 | Tel. No.: (505) 690-7466 |
| Fax NO.: (505) 596-0205 | Fax: No.: (505) 227-8635 |
| Email:   steve@nmpjp.org | Email:   abaker@bakerlawoffice.net |

Dated at ___Santa Fe_____, New Mexico, this _21_ day of ___Santa Fe_____, 2021.

Kathleen Vigil
CLERK OF COURT

_Maureen Naranjo_

By: Deputy

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 NMRA OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

**RETURN**

STATE OF NEW MEXICO                                    )

                                                       )ss.

COUNTY OF.....................................................    )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _____ county on the ____ day of _____, _____, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

(*check one box and fill in appropriate blanks*)

[   ] to the defendant _____ (*used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint*)

[   ] to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[   ] to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, (*used when the defendant is not presently at place of abode*) and by mailing by first class mail to the defendant at _____ (*insert defendant's last known mailing address*) a copy of the summons and complaint.

[   ] to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ (*insert defendant's business address*) and by mailing the summons and complaint by first class mail to the defendant at _____ (*insert defendant's last known mailing address*).

[   ] to _____, an agent authorized to receive service of process for defendant _____.

[   ] to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an incompetent person*).

[   ] to _____ (*name of person*), _____, (*title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees: _____

_____
Signature of person making service

_____
Title (*if any*)

Subscribed and sworn to before me this ___ day of _____, ___.

_____
Judge, notary or other officer
authorized to administer oaths

_____
Official title