IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**LAWRENCE LAMB,**

    Plaintiff,

    v.                                                      No. 1:22-CV-00485

**JOSE CORDERO, CHRIS MARQUEZ
and the NEW MEXICO CORRECTIONS DEPARTMENT,**

    Defendants.

**DEFENDANTS JOSE CORDERO, CHRIS MARQUEZ AND NEW MEXICO
CORRECTIONS DEPARTMENT'S ANSWER TO FIRST AMENDED COMPLAINT**

COME NOW Defendants Jose Cordero, Chris Marquez and the New Mexico Corrections Department, by and through counsel of record Kennedy, Moulton & Wells, P.C., by Debra J. Moulton, and hereby answers Plaintiff's First Amended Complaint as follows:

I.    JURISDICTION AND VENUE

1.    Paragraph 1 of the First Amended Complaint states a legal conclusion requiring no answer from Defendants herein. To the extent that this paragraph contains any allegations, Defendants deny same;

2.    Paragraph 2 of the First Amended Complaint states a legal conclusion requiring no answer from Defendants herein. To the extent that this paragraph contains any allegations, Defendants deny same;

II.    PARTIES

3.    As to paragraph 3 of the First Amended Complaint, Defendants admit that Plaintiff was in the custody and care of the NMCD on dates identified in the First Amended Complaint. As to the remaining allegations contained in this paragraph, Defendants deny same;

1

4. As to paragraph 4 of the First Amended Complaint, Defendants admit the allegations contained therein;

5. As to paragraph 5 of the First Amended Complaint, Defendants admit the allegations contained therein;

6. Paragraph 6 of the First Amended Complaint states a legal conclusion requiring no answer from Defendants herein. To the extent that this paragraph contains any allegations, Defendants deny same;

### III.   FACTS

7. As to paragraph 7 of the First Amended Complaint, Defendants admit the allegations contained therein;

8. As to paragraph 8 of the First Amended Complaint, Defendants deny the allegations contained therein;

9. As to paragraph 9 of the First Amended Complaint, Defendants admit the allegations contained therein;

10. As to paragraph 10 of the First Amended Complaint, Defendants deny the allegations contained therein;

11. As to paragraph 11 of the First Amended Complaint, Defendants deny the allegations contained therein;

12. As to paragraph 12 of the First Amended Complaint, Defendants deny the allegations contained therein;

13. As to paragraph 13 of the First Amended Complaint, Defendants deny the allegations contained therein;

14. As to paragraph 14 of the First Amended Complaint, Defendants deny the allegations contained therein;

15. As to paragraph 15 of the First Amended Complaint, Defendants deny the allegations contained therein;

16. As to paragraph 16 of the First Amended Complaint, Defendants deny the allegations contained therein;

17. As to paragraph 17 of the First Amended Complaint, Defendants deny the allegations contained therein;

18. As to paragraph 18 of the First Amended Complaint, Defendants deny the allegations contained therein;

19. As to paragraph 19 of the First Amended Complaint, Defendants deny the allegations contained therein;

20. As to paragraph 20 of the First Amended Complaint, Defendants deny the allegations contained therein;

21. As to paragraph 21 of the First Amended Complaint, Defendants deny the allegations contained therein;

22. As to paragraph 22 of the First Amended Complaint, Defendants deny the allegations contained therein;

23. As to paragraph 23 of the First Amended Complaint, Defendants deny the allegations contained therein;

24. As to paragraph 24 of the First Amended Complaint, Defendants deny the allegations contained therein;

25. As to paragraph 25 of the First Amended Complaint, Defendants deny the allegations contained therein;

26. As to paragraph 26 of the First Amended Complaint, Defendants admit that 70 minutes after the van pulled over due to a blowout, two PNM Correctional Officers arrived on scene;

27. As to paragraph 27 of the First Amended Complaint, Defendants admit that two hours and twenty minutes after the blowout, CNMCF Garage Specialist Philip Romero arrived on scene with van #4750;

28. As to paragraph 28 of the First Amended Complaint, Defendants deny the allegations contained therein;

29. As to paragraph 29 of the First Amended Complaint, Defendants deny the allegations contained therein;

30. As to paragraph 30 of the First Amended Complaint, Defendants deny the allegations contained therein;

31. As to paragraph 31 of the First Amended Complaint, Defendants admit the allegations contained therein;

32. As to paragraph 32 of the First Amended Complaint, Defendants deny the allegations contained therein;

33. As to paragraph 33 of the First Amended Complaint, Defendants deny the allegations contained therein;

34. As to paragraph 34 of the First Amended Complaint, Defendants deny the allegations contained therein;

35. As to paragraph 35 of the First Amended Complaint, Defendants deny the allegations contained therein;

36. As to paragraph 36 of the First Amended Complaint, Defendants deny the allegations contained therein;

37. As to paragraph 37 of the First Amended Complaint, Defendants deny the allegations contained therein;

38. As to paragraph 38 of the First Amended Complaint, Defendants deny the allegations contained therein;

39. As to paragraph 39 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and hence deny same;

40. As to paragraph 40 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and hence deny same;

41. As to paragraph 41 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and hence deny same;

42. As to paragraph 42 of the First Amended Complaint, Defendants deny the allegations contained therein;

43. As to paragraph 43 of the First Amended Complaint, Defendants admit the allegations contained therein;

44. As to paragraph 44 of the First Amended Complaint, Defendants deny the allegations contained therein;

45. As to paragraph 45 of the First Amended Complaint, Defendants admit the allegations contained therein;

46. As to paragraph 46 of the First Amended Complaint, Defendants deny the allegations contained therein;

47. As to paragraph 47 of the First Amended Complaint, Defendants deny the allegations contained therein;

48. As to paragraph 48 of the First Amended Complaint, Defendants deny the allegations contained therein;

49. As to paragraph 49 of the First Amended Complaint, Defendants deny the allegations contained therein;

50. As to paragraph 50 of the First Amended Complaint, Defendants deny the allegations contained therein;

51. As to paragraph 51 of the First Amended Complaint, Defendants deny the allegations contained therein;

52. As to paragraph 52 of the First Amended Complaint, Defendants deny the allegations contained therein;

53. As to paragraph 53 of the First Amended Complaint, Defendants deny the allegations contained therein;

54. As to paragraph 54 of the First Amended Complaint, Defendants deny the allegations contained therein;

55. As to paragraph 55 of the First Amended Complaint, Defendants deny the allegations contained therein;

56. As to paragraph 56 of the First Amended Complaint, Defendants deny the allegations contained therein;

57. As to paragraph 57 of the First Amended Complaint, Defendants deny the allegations contained therein;

58. As to paragraph 58 of the First Amended Complaint, Defendants deny the allegations contained therein;

59. As to paragraph 59 of the First Amended Complaint, Defendants deny the allegations contained therein;

60. As to paragraph 60 of the First Amended Complaint, Defendants admit that Plaintiff received a medical assessment upon arrival at CNMCF, but deny all remaining allegations of paragraph 60;

61. As to paragraph 61 of the First Amended Complaint, Defendants deny the allegations contained therein;

62. As to paragraph 62 of the First Amended Complaint, Defendants deny the allegations contained therein;

63. As to paragraph 63 of the First Amended Complaint, Defendants admit the allegations contained therein;

### COUNT I: VIOLATION OF EIGHTH AMENDMENT RIGHT TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT AGAINST DEFENDANTS MARQUEZ AND CORDERO

64. Defendants hereby incorporate their answers to foregoing paragraphs 1 through 63 as though fully set forth herein;

65. As to paragraph 65 of the First Amended Complaint, Defendants deny the allegations contained therein;

66. As to paragraph 66 of the First Amended Complaint, Defendants deny the allegations contained therein;

67. As to paragraph 67 of the First Amended Complaint, Defendants deny the allegations contained therein;

68. As to paragraph 68 of the First Amended Complaint, Defendants deny the allegations contained therein;

69. As to paragraph 69 of the First Amended Complaint, Defendants deny the allegations contained therein;

70. As to paragraph 70 of the First Amended Complaint, Defendants deny the allegations contained therein;

71. As to paragraph 71 of the First Amended Complaint, Defendants deny the allegations contained therein;

72. As to paragraph 72 of the First Amended Complaint, Defendants deny the allegations contained therein;

73. As to paragraph 73 of the First Amended Complaint, Defendants deny the allegations contained therein;

74. As to paragraph 74 of the First Amended Complaint, Defendants deny the allegations contained therein;

75. As to paragraph 75 of the First Amended Complaint, Defendants deny the allegations contained therein;

76. As to paragraph 76 of the First Amended Complaint, Defendants deny the allegations contained therein;

77. As to paragraph 77 of the First Amended Complaint, Defendants deny the allegations contained therein;

78. As to paragraph 78 of the First Amended Complaint, Defendants deny the allegations contained therein;

79. As to paragraph 79 of the First Amended Complaint, Defendants deny the allegations contained therein;

80. As to paragraph 80 of the First Amended Complaint, Defendants deny the allegations contained therein;

81. As to paragraph 81 of the First Amended Complaint, Defendants deny the allegations contained therein;

82. As to paragraph 82 of the First Amended Complaint, Defendants deny the allegations contained therein;

83. As to paragraph 83 of the First Amended Complaint, Defendants deny the allegations contained therein;

84. As to paragraph 84 of the First Amended Complaint, Defendants admit the allegations contained therein;

85. As to paragraph 85 of the First Amended Complaint, Defendants admit the allegations contained therein;

86. As to paragraph 86 of the First Amended Complaint, Defendants deny the allegations contained therein;

87. As to paragraph 87 of the First Amended Complaint, Defendants deny the allegations contained therein;

88. As to paragraph 88 of the First Amended Complaint, Defendants deny the allegations contained therein;

89. As to paragraph 89 of the First Amended Complaint, Defendants deny the allegations contained therein;

90. As to paragraph 90 of the First Amended Complaint, Defendants deny the allegations contained therein;

91. As to paragraph 91 of the First Amended Complaint, Defendants deny the allegations contained therein;

## COUNT II: NEGLIGENT OPERATION OR MAINTENANCE OF A MOTOR VEHICLE AGAINST ALL DEFENDANTS

92. Defendants hereby incorporate their answers to foregoing paragraphs 1 through 91 as though fully set forth herein;

93. Paragraph 93 states a legal conclusion requiring no answer from Defendants herein.  To the extent that this paragraph contains any allegations, Defendants deny same;

94. As to paragraph 94 of the First Amended Complaint, Defendants deny the allegations contained therein;

95. As to paragraph 95 of the First Amended Complaint, Defendants deny the allegations contained therein;

96. As to paragraph 96 of the First Amended Complaint, Defendants deny the allegations contained therein;

97. Paragraph 97 states a legal conclusion requiring no answer from Defendants herein.  To the extent that this paragraph contains any allegations, Defendants deny same;

98. Any allegations not specifically admitted or denied is denied.

## AFFIRMATIVE DEFENSES

1. As a separate and alternative affirmative defense, Defendants state that Plaintiff's First Amended Complaint is barred in whole or in part by the doctrines of qualified and/or absolute immunity;

2. As a separate and alternative affirmative defense, Defendants state that Plaintiff's suit is barred in whole or in part by and is subject to all limitations contained in the Prison Litigation Reform Act;

3. As a separate and alternative affirmative defense, Defendants state that Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted;

4. As a separate and alternative affirmative defense, Defendants state that the Plaintiff herein suffered no damage, injury or otherwise, as a result of Defendants' acts;

5. As a separate and alternative affirmative defense, Defendants state that at all times material herein they acted in good faith and in a reasonable manner given the information and circumstances existing at the time;

6. As a separate and alternative affirmative defense, Defendants state that the acts and damages alleged in Plaintiff's First Amended Complaint, which are specifically denied, were the proximate result of acts or omissions to act of others, thereby barring recovery herein or reducing Plaintiff's recovery in proportion to the fault assessed against others;

7. As a separate and alternative affirmative defense, Defendants state that Plaintiff cannot prove any actual or compensatory damages;

8. As a separate and alternative affirmative defense, Defendants state that if they were negligent, which negligence is specifically denied, then Plaintiff was negligent in failing and neglecting to exercise that degree of care which would have been used by an ordinarily

reasonable and prudent person under the same or similar circumstances, and that such negligence proximately cause or contributed to cause the matters complained of in the first Amended Complaint, thereby reducing the amount of the Plaintiff's recovery of total damages by an amount proportionate to his degree of fault;

9. As a separate and alternative affirmative defense, Defendants state that the acts or failures to act of Defendants, as alleged in Plaintiff's First Amended Complaint and which are specifically denied, fail to state a cause of action for punitive damages;

10. As a separate and alternative affirmative defense, to the extent Plaintiff purports to assert state law claims, Defendants are immune from suit under the New Mexico Tort Claims Act, and there is no waiver of immunity for the alleged conduct of Defendants;

11. As a separate and alternative affirmative defense, Defendants state that Plaintiff failed to exhaust his administrative remedies;

12. As a separate and alternative affirmative defense, Defendants state that Plaintiff's state law claims are barred, in whole or in part, to the extent Plaintiff was required but failed to follow or comply with the mandatory notice provisions of the New Mexico Tort Claims Act;

13. As a separate and alternative affirmative defense, Defendants state that Plaintiff failed to mitigate his damages, if any;

14. As a separate and alternative affirmative defense, Defendants state that they breached no duty owed to Plaintiff;

15. As a separate and alternative affirmative defense, Defendants state that Plaintiff's injuries, if any, were proximately caused by an independent intervening cause for which Defendants are not liable;

16.     As a separate and alternative affirmative defense, Defendants state that they reserve the right to rely upon such other defenses as may become known during the course of discovery and hereby reserve the right to amend their answer to include such defenses as necessary.

Therefore, Defendants respectfully request that this Court dismiss Plaintiff's First Amended Complaint with prejudice and any further relief as the court deems just and proper.

                                    KENNEDY, MOULTON & WELLS, P.C.

                                    */s/ Debra J. Moulton*
                                    Debra J. Moulton
                                    Attorneys for Defendant NMCD
                                    2201 San Pedro NE, Bldg.3, Suite 200
                                    Albuquerque, New Mexico 87110
                                    (505) 884-7887

I HEREBY CERTIFY that a true and correct
copy of the foregoing sent electronically and
via the Court's electronic filing system to:

Steven Robert Allen
New Mexico Prison & Jail Project
3800 Osuna Rd. NE, Ste. 2
Albuquerque, NM 87109
steve@nmpjp.org

Adam S. Baker
Baker Law Office, LLC
P.O. Box 784
Santa Fe, NM 87504
abaker@bakerlawoffice.net

on this 1st day of July, 2022

*/s/ Debra J. Moulton*
DEBRA J. MOULTON