# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**LAWRENCE LAMB,**

    **Plaintiff,**

    **v.**                              **No. 1:22-CV-00485 GBW/LF**

**JOSE CORDERO, CHRIS MARQUEZ
and the NEW MEXICO CORRECTIONS
DEPARTMENT,**

    **Defendants.**

## JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN

Pursuant to FED. R. CIV. P. 26(f), a meeting was held on **July 28, 2022 at 9:00 A.M.** and was attended by:

| | |
|---|---|
| Steven Robert Allen | for Plaintiff |
| New Mexico Prison & Jail Project | |
| 3800 Osuna Rd. NE, Ste. 2 | |
| Albuquerque, NM 87109 | |
| (505) 515-0939 | |
| steve@nmpjp.org | |

Adam S. Baker
Baker Law Office, LLC
P.O. Box 784
Santa Fe, NM 87504
(505) 690-7466
abaker@bakerlawoffice.net

| | |
|---|---|
| Debra J. Moulton | for Defendants |
| Deborah D. Wells | |
| Kennedy, Moulton & Wells, P.C. | |
| 2201 San Pedro NE, Bldg.3, Suite 200 | |
| Albuquerque, New Mexico 87110 | |
| dmoulton@kmwpc.com | |
| ddwells@kmwpc.com | |

## NATURE OF THE CASE

Plaintiff's Complaint arises from the damages alleged from multiple van rides in New Mexico Corrections Department transport vans that originated and ended at the Central New Mexico Correctional Facility (CNMCF) in Los Lunas, New Mexico on June 21, 2019. Plaintiff has alleged he suffered numerous physical and psychological injuries as a result and brings his claims under 42 U.S.C. 1983, and the New Mexico Tort Claims Act, NSA 1978, § § 41-4-1 et seq.

## AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES

Plaintiff intends to file: Plaintiff does not intend to amend the pleadings or join any additional parties

Plaintiff should be allowed until September 8, 2022 to move to amend the pleadings and until September 8, 2022 to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

Defendants intends to file: Defendants do not intend to amend the pleadings or joinder of parties.

Defendants should be allowed until September 29, 2022 to move to amend the pleadings and until September 29, 2022 to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

## STIPULATIONS

The parties hereto stipulate and agree that venue is properly laid in this District and that that the law governing this case is: 42 U.S.C. §§ 1983 and 1988; NMSA 1978, §§ 41-4-1, *et seq.*; and NMSA 1978, §§ 41-5-1, *et seq*.

## PLAINTIFF'S CONTENTIONS:

This case arises from a transport of inmates from the New Mexico Corrections Department's (NMCD) Central New Mexico Correctional Facility (CNMCF) to their Northeast

New Mexico Correctional Facility (NENMCF) on June 21, 2019. Defendants Chris Marquez and Jose Cordero left CNMCF on the morning of June 21, 2019 to drive Plaintiff and seven other inmates in an NMCD van to their destination. As the van drove at extremely high speeds along I-25, the major interstate connecting the two facilities, one of the van's tires blew out and tore through the bottom of the van, spraying debris into the van where it struck Plaintiff and others. The van began to violently shake and toss the inmates around the van as Defendants Marquez and Cordero continued driving down the highway despite screams from the inmates to stop the van.

Once Defendants Cordero and Marquez finally pulled-over and stopped the van on the side of the highway, Plaintiff and the other inmates were forced to wait inside the van for more than 2 hours in the summer heat. A new van finally arrived at the side of the road and the inmates were placed in this van as they waited for the tire on the previous van to be fixed. This new van, however, had no air-conditioning and the inmates did not have any fresh air or water as they baked inside. Plaintiff Lawrence Lamb and the other inmates became sweaty and dehydrated quickly, and their condition was only exacerbated by Defendants' refusal to pay any attention to them even as they asked for fresh air and water. As they left the side of the road, Plaintiff and the other inmates banged on the walls begging for help, for fresh air, water and some relief.

During a brief stop at the Penitentiary of New Mexico (PNM) in Santa Fe, the inmates refused to board the van again unless the air-conditioning was operable. Defendants Cordero and Marquez failed to properly repair the air-conditioning system, but told the inmates it was working and forced them to get back into the van for the reurn trip to CNMCF. On this ride, the inmates continued to beg loudly for the individual defendants to do something to ease their pain and extreme discomfort; they were baking in a hot metal box and many were on the verge of passing out. When they finally arrived at CNMCF, Plaintiff received a medical assessment during which it was determined that he was severely dehydrated and required further medical treatment. Plaintiff

was placed in a medical holding cell at CNMCF that had no sink, where for three days he had no access to drinking water other than what he was provided with regular meals. As a result of Defendants' actions, Plaintiff has suffered numerous severe physical and psychological injuries.

## **DEFENDANTS' CONTENTIONS**

Defendant Jose Cordero, while traveling the speed limit, experienced a flat tire on a New Mexico Corrections Department transport van he was driving on June 21, 2019, from Central New Mexico Correctional Facility (CNMCF) to Northeast New Mexico Detention Facility (NENMDF). In the van there were eight inmates, including Plaintiff, and another Transport Officer, Defendant Chris Marquez. The Deputy Warden at CNMCF was contacted and notified of the incident, as were security personnel at the Penitentiary of New Mexico (PNM) and the New Mexico State Police, per policy. While waiting for the replacement van, the air conditioning in the van remained on at all times. The New Mexico State Police arrived on scene to provide extra security, as did a transport team from PNM. Following the arrival of the replacement van, Defendants Cordero and Marquez assisted with changing the tire, transferred the inmates and their files to the replacement van and returned to PNM South, where medical staff assessed each inmate, including Plaintiff. Photos were taken of the inmates at PNM South. The inmates were also given water, a sack lunch and a restroom break.

While at PNM South, Defendants Marquez and Cordero noticed that the hoses supplying air to the rear of the van had come off; CO Specialist Jaramillo secured the hoses. The duration of the stop at PNM South was approximately an hour and a half. The transport to NENMDF was cancelled due to time constraints and the inmates were transported from PNM South back to CNMCF. Approximately 45 minutes into the transport, the inmates advised that the air conditioning was no longer working. Defendant Cordero again checked the hoses, which were

4

still attached. Approximately fifteen minutes from CNMCF, the inmates advised that someone was hunched over. Defendant Cordero asked if the inmate was ok and the inmates did not reply. Defendant Marquez immediately contacted CNMCF Master Control, advised them of the situation, that the van would be there in 15 minutes and to have Medical standing by at the main sally port. When the transport van arrived at CNMCF, all inmates walked out of the transport van without assistance. After the remaining inmates underwent security scans, they were also taken to Medical for assessment. Photos of all inmates were again taken at CNMCF; each inmate was also interviewed.

Defendants NMCD, Marquez and Cordero contend that the actions of Marquez and Cordero were not deliberately indifferent to the Plaintiff or any of the other inmates on the transport van and that both Marquez and Cordero are entitled to qualified immunity. Defendants further deny that they were negligent in any way.

## **PROVISIONAL DISCOVERY PLAN**

The parties jointly propose to the Court the following discovery plan: *(Use separate paragraphs or subparagraphs as necessary if parties disagree.)*

> List all witnesses who, at this time, you think will either testify or be deposed, giving their name, title, address and a brief summary of their testimony. It is insufficient to list witnesses' addresses, save for clients, "in care of counsel."
>
> List all documents which you believe, at this time, will be exhibits at the trial.
>
> List all experts who you believe, at this time, will testify at the trial, giving their name, address, area of expertise, and a brief summary of the anticipated testimony.

**Plaintiff's Witnesses**

1. Lawrence Lamb
   c/o Adam S. Baker
   Baker Law Office, LLC

P.O. Box 784
Santa Fe, NM 87504
(505) 690-7466

Lawrence Lamb may testify as to the allegations in his Complaint, his damages, and any other relevant matters within his personal knowledge.

2. Diego Tijerina
   Address Unknown
   Phone Number: Unknown

   Diego Tijerina was an inmate witness to the transport incidents that day and may be called to testify as to the allegations in Plaintiff's Complaint and any other matters within his personal knowledge.

3. Michael Locke
   Address Unknown
   Phone Number Unknown

   Michael Locke was an inmate witness to the transport incidents that day and may be called to testify as to the allegations in Plaintiff's Complaint and any other matters within his personal knowledge.

4. Victor Sotelo
   Address Unknown
   Phone Number Unknown

   Victor Sotelo was an inmate witness to the transport incidents that day and may be called to testify as to the allegations in Plaintiff's Complaint and any other matters within his personal knowledge.

5. Joseph Marcotte
   NENMDF
   185 Dr. Michael Jenkins Road
   Clayton NM 88415

   Joseph Marcotte was an inmate witness to the transport incidents that day and may be called to testify as to the allegations in Plaintiff's Complaint and any other matters within his personal knowledge.

6. Chris Marquez
   c/o Debra J. Moulton
   Kennedy, Moulton & Wells, P.C.
   2201 San Pedro N.E., Bldg. 3, Suite 200
   Albuquerque, NM 87110

Defendant Chris Marquez may be called as an adverse witness to testify to the allegations in Plaintiff's Complaint and any other matters within his professional and personal knowledge.

7. Jose Cordero
   c/o Debra J. Moulton
   Kennedy, Moulton & Wells, P.C.
   2201 San Pedro N.E., Bldg. 3, Suite 200
   Albuquerque, NM 87110

   Defendant Jose Cordero may be called to testify as an adverse witness to testify to the allegations in Plaintiff's Complaint and any other matters within his professional and personal knowledge.

8. Philip Romero
   CNMCF
   PO Drawer 1328
   Los Lunas NM 87031-1328

   Garage Specialist Philip Romero may be called to testify as to the allegations in Plaintiff's Complaint, and any other matters within his personal and professional knowledge.

9. Dr. Rounseville
   CNMCF
   PO Drawer 1328
   Los Lunas NM 87031-1328

   Dr. Rounseville may be called to testify as to Plaintiff's medical condition and treatment after the incident, the allegations in Plaintiff's Complaint, and any other matters within his personal and professional knowledge.

10. Vianae Estrada
    CNMCF
    PO Drawer 1328
    Los Lunas NM 87031-1328

    Ms. Estrada may be called to testify as to Plaintiff's medical condition and treatment after the incident, the allegations in Plaintiff's Complaint, and any other matters within his personal and professional knowledge.

11. Any treating physicians as necessary.

12. Any witness identified by Defendants.

13. Any witness identified in discovery.

14. Any witness necessary for rebuttal.

15. Any witness necessary for authentication.

**Plaintiff's Exhibits**

1. Lawrence Lamb's Inmate File from the New Mexico Department of Corrections

2. Lawrence Lamb's Medical File from the New Mexico Department of Corrections

3. University of New Mexico Hospital Records from 2019

4. University of New Mexico Hospital Billing Records from 2019-2020

5. New Mexico State Police Event Report

6. Documents produced in discovery by Defendants in the corresponding state litigation

7. Any exhibit identified by Defendants

8. Any exhibit identified in discovery

9. Any exhibit necessary for rebuttal or impeachment

10. Any document attached to any deposition taken in this matter

**Plaintiff's Experts**

Plaintiff has not yet retained or identified any expert witnesses to testify in this matter, but reserves the right to disclose such expert witnesses in support of Plaintiff's claims for liability and damages in accordance with the Court's scheduling order s regarding same.

**Defendants' Witnesses**

1. Lawrence Lamb
   c/o Steven Robert Allen
   New Mexico Prison & Jail Project
   3800 Osuna Rd. NE, Ste. 2
   Albuquerque, NM 87109
   steve@nmpjp.org

   Adam S. Baker
   Baker Law Office, LLC
   P.O. Box 784
   Santa Fe, NM 87504
   abaker@bakerlawoffice.net

Mr. Lamb may be called to testify as to the claims set forth in his Amended Complaint.

2. Chris Marquez
   c/o Debra J. Moulton
   2201 San Pedro NE, Bldg. 3, Suite 200
   Albuquerque, New Mexico 87110
   (505) 884-7887

   Officer Marquez may be called to testify about the transport on June 21, 2019, his training and of the allegations in the Complaint.

3. Jose Cordero
   c/o Debra J. Moulton
   2201 San Pedro NE, Bldg. 3, Suite 200
   Albuquerque, New Mexico 87110
   (505) 884-7887

   Officer Cordero may be called to testify about the transport on June 21, 2019, his training and of the allegations in the Complaint.

4. Captain Matthew Maestas
   c/o Debra J. Moulton
   2201 San Pedro NE, Bldg. 3, Suite 200
   Albuquerque, New Mexico 87110
   (505) 884-7887

   Captain Maestas may be called to testify about the transport on June 21, 2019, the Serious Incident Report prepared regarding the transport, and NMCD policies.

5. Lt. George Garcia
   c/o Debra J. Moulton
   2201 San Pedro NE, Bldg. 3, Suite 200
   Albuquerque, New Mexico 87110
   (505) 884-7887

   Lieutenant Garcia may be called to testify about the transport on June 21, 2019, the Serious Incident Report prepared regarding the transport, and NMCD policies.

6. Deputy Warden Mike De La Torres
   c/o Debra J. Moulton
   2201 San Pedro NE, Bldg. 3, Suite 200
   Albuquerque, New Mexico 87110
   (505) 884-7887

   Deputy Warden De La Torres may be called to testify about the transport on June 21, 2009 and NMCD policies.

7. Philip Romero, Central New Mexico Correctional Facility
   c/o Debra J. Moulton
   2201 San Pedro NE, Bldg. 3, Suite 200
   Albuquerque, New Mexico 87110
   (505) 884-7887

   Mr. Romero may be called to testify about his delivery of van 4750 to replace van 5389 on June 21, 2019, due to a flat tire and transport van maintenance at Central New Mexico Correctional Facility.

8. CO Specialist Jaramillo (FNU), PNM
   c/o Debra J. Moulton
   2201 San Pedro NE, Bldg. 3, Suite 200
   Albuquerque, New Mexico 87110
   (505) 884-7887

   CO Specialist Jaramillo may be called to testify regarding his repair and inspection of transport van 4750 at PNM on June 21, 2019.

9. Dr. Rounseville, Central New Mexico Correctional Facility
   CNMCF
   PO Drawer 1328
   Los Lunas NM 87031-1328

   Dr. Rounesville may be called to testify about Plaintiff's medical condition and treatment.

10. Former Deputy Warden Joe Lytle, Central New Mexico Correctional Facility
    c/o Debra J. Moulton
    2201 San Pedro NE, Bldg. 3, Suite 200
    Albuquerque, New Mexico 87110
    (505) 884-7887

    Mr. Lytle may be called to testify about the transport of June 21, 2019 and the allegations set forth in Plaintiff's Complaint.

11. Courtney Yates, R.N., Central New Mexico Correctional Facility
    CNMCF
    PO Drawer 1328
    Los Lunas NM 87031-1328

    Ms. Yates may be called to testify about the medical treatment of the inmates on the transport on June 21, 2019 at CNMCF.

12. Naomi Krause, R.N., Central New Mexico Correctional Facility
    CNMCF
    PO Drawer 1328

Los Lunas NM 87031-1328

Ms. Krause may be called to testify about the medical treatment of the inmates on the transport on June 21, 2019 at CNMCF.

13. Kristen Herrera, R.N., Central New Mexico Correctional Facility
    CNMCF
    PO Drawer 1328
    Los Lunas NM 87031-1328

    Ms. Herrera may be called to testify about the medical treatment of the inmates on the transport on June 21, 2019 at CNMCF.

14. Carmen Martinez, LPN, PNM
    4311 NM Highway 14
    Santa Fe, NM 87504

    Ms. Martinez may be called to testify about the medical treatment of the inmates on the transport on June 21, 2019 at PNM.

15. Marsha Battes, R.N., PNM
    4311 NM Highway 14
    Santa Fe, NM 87504

    Ms. Battes may be called to testify about the medical treatment of the inmates on the transport on June 21, 2019 at PNM South.

16. Rho Painter, R.N., PNM
    4311 NM Highway 14
    Santa Fe, NM 87504

    Ms. Painter may be called to testify about the medical treatment of the inmates on the transport on June 21, 2019 at PNM South.

17. Sgt. Corriz (FNU)
    c/o Debra J. Moulton
    2201 San Pedro NE, Bldg. 3, Suite 200
    Albuquerque, New Mexico 87110
    (505) 884-7887

    Sgt. Corriz may be called to testify about his interaction with inmates on the transport on June 21, 2019 at PNM South.

18. Captain Crystal Beltran
    c/o Debra J. Moulton
    2201 San Pedro NE, Bldg. 3, Suite 200
    Albuquerque, New Mexico 87110

(505) 884-7887

Captain Beltran was the Transport Lieutenant in June of 2019 and may be called to testify about transport and other matters within her personal and professional knowledge.

19. Any treating physicians as necessary.

20. Any witness identified by Plaintiff.

21. Any witness identified in discovery.

22. Any witness necessary for rebuttal.

23. Any witness necessary for authentication.

**Defendants' Exhibits**

1. Maintenance records of transport van #5389 and #4750

2. Portions of Plaintiff's NMCD inmate file

3. Plaintiff's medical records

4. Serious Incident Report

5. New Mexico Corrections Department Transport Policy

6. Portions of Chris Marquez' personnel file

7. Portions of Jose Cordero's Personnel file

8. Any exhibit identified by Plaintiff

9. Any exhibit identified in discovery

10. Any exhibit necessary for rebuttal or impeachment

11. Any exhibit attached to a deposition taken in this matter

**Defendants' Experts**

Defendants have not yet identified expert witnesses. Defendants will disclose expert witnesses if and when they are identified.

Discovery will be needed on the following subjects: Discovery will needed on Plaintiffs' claims as to liability, causation, and damages and Defendants' defenses. *(Brief description of subjects on which discovery will be needed.)*

Maximum of **25** interrogatories by each party to any other party. (Responses due **30** days after service).

Maximum of **25** requests for admission by each party to any other party. (Response due **30** days after service).

Maximum of **25** total requests for production by each party to any other party. (Response due **30** days after service).

Maximum of **10** depositions by Plaintiff and **10** by Defendants.

Each deposition (other than of parties and experts) limited to maximum of **4** hours unless extended by agreement of parties.

Reports from retained experts under Rule 26(a)(2) due:

    from Plaintiff by November 25, 2022

    from Defendants by December 27, 2022

Supplementation under Rule 26(e) due 30 days from receipt**.**

All discovery commenced in time to be complete by January 25, 2023. Discovery on *(issue for early discovery)* to be completed by **N/A**.

Other Items: *(Use separate paragraphs or subparagraphs as necessary if other parties disagree.)*

## **PRETRIAL MOTIONS**

Plaintiff intends to file: Plaintiff may file a Motion to Compel regarding certain interrogatories and requests for production Plaintiff served in the state case before it was removed to federal court and Plaintiff requests until September 25, 2022 to do so.

13

Defendants intend to file: Motions to Compel, if necessary. Motion for Summary Judgment and Motions in Limine.

## ESTIMATED TRIAL TIME

The parties estimate trial will require **5 days**.

____ This is a non-jury case.

**X** This is a jury case.

The parties request a pretrial conference in at the court's convenience, at least 30 days before trial.

## SETTLEMENT

The possibility of settlement in this case cannot be evaluated prior to discovery. The parties request a settlement conference after discovery.

## EXCEPTIONS

Plaintiff has requested until September 25, 2022 to file a Motion to Compel on documents not previously produced in discovery requests from Interrogatories and Requests for Production responded to by Defendant NMCD on September 30, 2021 and supplementation on November 19, 2021 and to Defendants Cordero and Marquez on March 7, 2021. Defendants maintain that Plaintiff cannot file a Motion to Compel at this time.

APPROVED WITH EXCEPTIONS

*/s/Steven Robert Allen*
Steven Robert Allen
New Mexico Prison & Jail Project
3800 Osuna Rd. NE, Ste. 2
Albuquerque, NM 87109
(505) 515-0939
steve@nmpjp.org

/s/ Adam S. Baker
Adam S. Baker
Baker Law Office, LLC
P.O. Box 784
Santa Fe, NM 87504
(505) 690-7466
abaker@bakerlawoffice.net

/s/ Debra J. Moulton
Debra J. Moulton
Deborah D. Wells
Kennedy, Moulton & Wells, P.C.
2201 San Pedro NE, Bldg. 3, Ste. 200
Albuquerque, NM 87110
(505) 884-7887
dmoulton@kmwpc.com
ddwells@kmwpc.com

CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 18th day of August, 2022, I filed the foregoing electronically through CM/ECF, which caused all Counsel of Record to be served by electronic means:

/s/ Debra J. Moulton