IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LAWRENCE LAMB,

    Plaintiff,

v.                                                    1:22-cv-00485-WJ-LF

JOSE CORDERO, CHRIS MARQUEZ,
and NEW MEXICO CORRECTIONS
DEPARTMENT,

    Defendants.

## REPLY IN SUPPORT OF PLAINTIFF'S MOTION
## FOR SPOLIATION SANCTIONS AGAINST DEFENDANTS

Plaintiff Lawrence Lamb, by and through his attorneys of record, Steven Robert Allen (New Mexico Prison & Jail Project) and Adam S. Baker (Baker Law Office, LLC), submits this reply in support of Plaintiff's Motion for Spoliation Sanctions Against Defendants, which was filed on April 10, 2023 (Doc 48).

### I.    ARGUMENT

In their response, Defendants take the position that Plaintiff has failed to demonstrate the video evidence at issue ever existed. (*See* Defs.' Resp. at 5-6, filed May 1, 2023 (Doc. 54)). That assertion simply makes no sense. It is clear from the testimony of Defendants' own witnesses that there was video evidence related to the incident from both the PNM and CNMCF facilities, and from Van # 5389. (*See* Pl.'s Mot. at 3-4). For example, Defendant Cordero testified that the video

camera in Van # 5489 was operational on the date of incident, and recorded the first hour of the transport that day.[1] (Pl.'s Mot., *Ex. 2*, Dep. Marquez at 64:10-14 (Doc. 48-1)).

Defendants next contend that their failure to preserve the video evidence amounts to mere negligence. (Defs.' Resp. at 6-7). However, the probability of litigation based on the incident at issue was so obvious that no credible argument can be made that the video evidence was innocently overlooked. At the end of his ordeal, Plaintiff required medical attention. (*See* Pl.'s Resp. to Defs.' 2nd Mot. Summ. J., "Disputed Material Facts," ¶¶ 33, 37, filed Apr. 24, 2023 (Doc. 51)). Another inmate was unconscious when the van arrived at CNMCF, and had to be helped out of the van. (*Id.* ¶ 31). The incident required NMCD staff to prepare a "Serious Incident Report" within days for which available video should have been reviewed, but was not. (Pl.'s Mot. at 5; *see also* Dep. George Garcia at 20:4 to 22:24, attached as *Exhibit 13*). Indeed, the Deputy Warden at CNMCF, who supervised the individual Defendants, testified he would have reviewed the available video evidence for the Serious Incident Report if he had been the one who prepared it. (Dep. Joe De La Torre at 8:19-25 and 36:23 to 38:16, attached as *Exhibit 14*). Plaintiff also notified the Corrections Department of potential litigation by filing an inmate complaint within a week of the incident and an inmate grievance on July 13 in which he expressly stated a "tort claim or civil claim to follow." (Jun. 28, 2019 Inmate Informal Complaint, attached as *Ex. 2* to Pl.'s Resp. Defs.' Mot. Summ. J. Under PLRA, filed May 1, 2023, (Doc. 53-2); Jul. 13, 2019 Inmate Grievance, attached as *Ex. 3* to Pl.'s Resp. Defs.' Mot. Summ. J. Under PLRA (Doc. 53-3)). Finally, Defendants were placed on notice of imminent litigation by the Tort Claims Notice submitted on behalf of Mr. Lamb and others on September 6, 2019. (Pl.'s Mot., *Ex. 10*). If that were not enough,

---

[1] Without the video, Plaintiff has been deprived of direct evidence with which he might contest Defendant Cordero's assertion that the video camera on the van stopped an hour into the transport. Defendant Cordero's assertion in that regard is suspect. (*See* Pl.'s Mot. at 4).

there is even evidence that the individual Defendants doctored the transportation log regarding the video camera in Van # 5389. (See Pl.'s Mot. at 4). All of this leads to the inescapable conclusion that Defendants acted with bad faith, or at least reckless disregard, with regard to their duty to preserve the video evidence in this case, particularly in light of the sanctions imposed by the court against NMCD on similar grounds in the *Casias* case.

Defendants contend that Plaintiff's claim of prejudice is speculative. (Defs.' Mot. at 7). To the contrary, the videos NMCD lost or destroyed would have shown what happened aboard Van #5389, the manner in which the individual Defendants operated the van, the condition of the inmates when they arrived at PNM, and later at CNMCF, and whether and to what extent the inmates required assistance getting on and off the van. The videos also might have showed the individual Defendants' attempts to repair the faulty air conditioner in the van at PNM not once, but twice. Instead, these matters will now be the subject of conflicting testimony by the parties' witnesses based on recollections of an event that occurred almost four (4) years ago. Clearly, the videos from the date of the incident were the best evidence on a number of evidentiary issues that the jury will be required to consider, and the unavailability of that evidence unfairly prejudices Plaintiff.

Finally, Defendants provide a legal analysis of cases that stand for the proposition that sanctions are inappropriate absent bad faith by the party who lost or destroyed evidence. (Defs.' Resp. at 4-5, 8-9). In that regard, Plaitiff has presented evidence that Defendants' failure to preserve the video evidence in this case amounts to bad faith. Additionally, the cases cited by Defendants only impose a "bad faith" requirement where a party seeks default judgment or an instruction to the jury that lost evidence would have been unfavorable to the party charge with loss or destruction of the evidence (i.e., an "adverse inference"). Barring such a finding of "bad faith,"

lesser sanctions are still available, including the relief requested by Plaintiff. Specifically, Plaintiff asks the court to give a jury instruction *allowing*, but not *requiring*, the jury to infer the contents of the destroyed video evidence would have been unfavorable to the Defendants. In the alternative, Plaintiff should be allowed to present evidence and make arguments to the jury regarding the lost or destroyed video evidence combined with an instruction to the jury that it may consider that evidence in making its decision.

## II.  CONCLUSION

Defendants in this case are sophisticated litigants who are well-aware of their duty to preserve evidence when litigation is imminent. Because they failed to do so, Plaintiff respectfully requests that the Court grant his motion and impose sanctions against Defendants as Plaintiff has requested. The jury should be instructed that they may, but are not required to, infer the video evidence would have been unfavorable to Defendants. In the alternative, Plaintiff should be allowed to present evidence and make arguments to the jury regarding the lost or destroyed video evidence combined with an instruction to the jury that it may consider that evidence in making its decision.

Respectfully submitted,

ATTORNEYS FOR PLAINTIFF:

*/s/ Steven Robert Allen*
STEVEN ROBERT ALLEN
NEW MEXICO PRISON & JAIL PROJECT
3800 Osuna Road NE, Ste 2
Albuquerque, NM 87109
(505) 515-0939
steve@nmpjp.org

*/s/ Adam S. Baker*
ADAM S. BAKER
BAKER LAW OFFICE, LLC
P.O. Box 784
Santa Fe, NM 87504

(505) 690-7466
abaker@bakerlawoffice.net

I hereby certify that a copy of the foregoing Response was served via CM/ECF to:

Debra J. Moulton, Esq.
Kennedy, Moulton & Wells, P.C.
Attorney for Defendants
2201 San Pedro NE, Bldg. 3, Ste. 200
Albuquerque, NM 87110
dmoulton@kmwpc.com

on this 15th day of May, 2023.

*/s/Adam S. Baker*
Adam S. Baker